[S. F. No. 962.   Department One.—April 7, 1899.]

T. J. MOYNIHAN et al., Appellants, v. MATTEO DROBAZ
et al., Respondents.

OWNERSHIP OF VESSEL—EVIDENCE—REGISTRY.—The entry of ownership
in the custom-house books of the register or transfer of a ves-
sel is not even *prima facie* evidence of ownership against one
not claiming to be an owner therein, unless such entry is shown
to have been made by his authority.

ID.—LIBEL IN ADMIRALTY—ADJUDICATION OF OWNERSHIP.—A libel of a
vessel in admiralty, where the proceeding is *in rem,* is only a
conclusive adjudication of ownership as against persons actually
interested in the vessel; and no one can be adjudged to be a
part owner of the vessel who has not appeared and asserted
ownership or other interest therein.   A copy of the decree in
such a proceeding is not admissible to prove part ownership in
a person not so appearing.

ID.—OWNERSHIP BY CORPORATION—ENFORCEMENT OF LIEN BY PARTNER-
SHIP—ADMISSION OF PLEADINGS—EVIDENCE—FINDINGS.—In an action
by a partnership firm to enforce a lien upon a vessel alleged
to be owned by a corporation defendant, if the answer does not
deny the alleged partnership of the plaintiffs, or the corporate
existence of the alleged corporation, evidence that one of the
partners paid, individually, for one share in the corporation,
does not tend to show that the other partner or the partnership
firm was a part owner or in any manner interested in the ves-
sel; and a finding that the corporation had no corporate exist-
ence, being against the admission of the pleadings, and outside
of any issue, must be disregarded.

ATTACHMENT OF VESSEL—STIPULATION—SUFFICIENCY OF UNDERTAKING—
ERRONEOUS FINDINGS.—Where it was stipulated that at the com-
mencement of the action to enforce a lien upon the steamer, for
a balance due to the plaintiffs, the vessel was attached under
the provisions of the Code of Civil Procedure, in reference to
actions against steamers, vessels, and boats, and was released
upon a bond given by the defendants as therein required, a
finding in regard to the insufficiency of the undertaking, which
is outside of any issue presented in the case, cannot be con-
sidered; and a finding of a conclusion of law that plaintiffs, at
the commencement of the action, had no lien upon the steamer,
is erroneous.

APPEAL from an order of the Superior Court of the City
and County of San Francisco denying a new trial.   J. C. B.
Hebbard, Judge.

The facts are stated in the opinion of the court.

Stanly, McKinstry, Bradley & McKinstry, for Appellants.

Andros & Frank, for Respondents.

VAN DYKE, J.—This action is to recover a balance due from defendant Matteo Drobaz on a contract to construct a boiler for the fishing steamer "Golden Gate," and to enforce a lien on said steamer to satisfy said demand, under the provisions of the Code of Civil Procedure in reference to actions against steamers, vessels, and boats.

On the trial the court admitted as evidence, over the objection of the plaintiffs, a copy of the register of the vessel "Golden Gate," for the purpose of showing that the plaintiffs were part owners in the said vessel. The entry in the custom-house books of the registry or transfer of a vessel is not even *prima facie* evidence as against one not claiming to be an owner, unless such entry be shown to have been made by authority of the person named in it. In *Fraser v. Hopkins,* 2 Taunt. 5, Lord Mansfield said, in reference to the contention that the entry was evidence against such person: "To suppose the effect of the act to be such as is contended for would be to impute madness to the legislature." And Hunter, J., said: "Any bystander may put down a name in the register. You must connect the defendant with it." And Lawrence, J., adds: "Unless you show all this taken down by authority of the person who is to be charged, the register cannot be made evidence even *prima facie.*" (See, also, *Tinkler v. Walpole,* 14 East, 226; *Hozey v. Buchanan,* 16 Pet. 215; *Calais etc. Co. v. Van Pelt,* 2 Black, 388.) And for like purpose the court also admitted as evidence, over the objection of the plaintiffs, a decree and copies of certain papers in the case of Chandler, as libelant, against the same steamer "Golden Gate," in the United States district court. In admiralty, where the proceeding is *in rem,* the libel prays for process—that is, a warrant of arrest of the thing itself—and a monition to all persons interested to appear upon a certain day and intervene for their interests. The jurisdiction acquired by the seizure of property in such proceeding is to pass upon the question of ownership of such property after opportunity has been afforded to parties to appear and be heard, and the decree in such cases is conclusive upon all such parties. Every person interested in

the vessel is warned to come in and assert his interest; necessarily no one can be decreed to be a part owner who has not appeared and asserted part ownership, or other interest. It was clearly error to admit a copy of said register and copies of said papers in admiralty for the purpose indicated. (Benedict on Admiralty, 410-34; *Windsor v. McVeigh*, 93 U. S. 274.) But respondent's counsel say if the court erred either in admitting the ship's register, or in admitting the judgment in the United States district court, or in both respects, it is not such error as entitles the plaintiff to a new trial, for the reason, it is claimed, that there is still sufficient independent proof of ownership to warrant the finding in favor of the defendants.

The only outside evidence bearing upon the question of the ownership of the plaintiffs in the vessel is the following: Defendant Drobaz says: "The vessel was built in Sausalito, and was to be a steamer for fishing purposes. He started to build her by my orders, Moynihan, Pearson, and several others."

Moynihan testifies that he paid in five hundred dollars to Drobaz for one share of stock, and took his receipt, which reads:

"($500.)            San Francisco, October 1, 1890.

"Received of T. J. Moynihan five hundred dollars for one share of M. Drobaz Steam and Sail Fishing Company.

His

"MATTEO   X   DROBAZ."

mark.

The complaint alleges that the plaintiffs were, at all the times therein mentioned, copartners carrying on business under the firm name and style of Moynihan & Aitken, and it is also alleged in the complaint "that the defendant, the Matteo Drobaz Fishing Company, is, and for more than three months prior to the commencement of this action was, a corporation duly organized and existing under and by virtue of the laws of the state of California."

The answer nowhere denies the allegation of partnership of the plaintiffs, or that they carried on business as such, and nowhere denies the allegation that the Matteo Drobaz Fishing Company is a corporation. Besides, the defendant, Matteo Drobaz Fishing Company, as such, files a separate answer in which it does not deny its alleged corporate existence, but does deny that the Matteo Drobaz Fishing Company was the owner of said

steamer "Golden Gate." By Drobaz's receipt and Moynihan's testimony the latter had one share in said company.

The court finds, however, that the Matteo Drobaz Fishing Company was not at any time a corporation and did not own the steamer; hence Moynihan was not a part owner. Yet the court finds that the said steamer was owned by Matteo Drobaz and a number of other persons, including the plaintiffs herein, James Aitken and T. J. Moynihan, as part owners.

By the failure of the defendants to deny the allegation of the corporate existence of the Matteo Drobaz Fishing Company that fact is deemed to be admitted (Code Civ. Proc., sec. 462), and the finding against such corporate existence is not only a finding against such admission, but also without any issue presented upon which to make a finding. (Code Civ. Proc., sec. 590.) There is not a particle of testimony that the plaintiff, James Aitken, ever had any interest in the vessel or in the said company, or that the partnership firm of Moynihan and Aitken, or said James Aitken, were part owners in said vessel, or had any interest therein.

The court also finds that at the time of the issuance of the writ of attachment (under section 813, *et seq.*, of the Code of Civil Procedure) a written undertaking was received by the clerk which was not to the effect that if a judgment was rendered in favor of the owner of the steamer, the plaintiffs will pay all costs and damages that may be awarded against them, or all damages that may be sustained by the owners, not exceeding the sum specified in the undertaking. There is no issue presented in the case on which this finding is required. Besides, it is stipulated that at the commencement of the action the vessel was seized under the provisions of the code referred to, and was released upon a bond being given on the part of the defendants as therein required. From this the court erroneously finds as a conclusion of law that the plaintiffs, at the time of the commencement of the action, had no lien upon the said steamer. "Golden Gate," and are not entitled to recover anything in the action, but that the defendants are entitled to their costs.

The order denying a new trial is reversed and a new trial ordered.

GAROUTTE, J., and HARRISON, J., concurred.