[Sac. No. 901. Department Two. — May 29, 1901.]

F. C. GAMACHE, Appellant, v. SOUTH SCHOOL DIS-
TRICT OF SAN JOAQUIN COUNTY et al., Re-
spondents.

PLEADING — ADMISSION — FINDINGS. — In an action to recover a balance
due on a contract, an allegation of the complaint as to the amount
due, which is admitted by the answer, is conclusive, and a finding
to the contrary must be disregarded.

ID. — FINDINGS OUTSIDE OF ISSUES. — In such an action, findings in
favor of the defendant, as to various offsets, which are entirely out-
side of any of the issues raised by the pleadings, must be disre-
garded, and cannot aid in sustaining a judgment for the defendant.

CONTRACT — DAMAGES FOR BREACH. — A contractor for the erection of a
building, who has performed all the conditions of the contract, on
his part, in good faith, and is prevented by the wrongful acts of the
owner from completing it, is entitled to maintain an action for his
damages.

APPEAL from a judgment of the Superior Court of San
Joaquin County. Joseph H. Budd, Judge.

The facts are stated in the opinion.

A. H. Carpenter, for Appellant.

Nicol & Orr, and O. B. Parkinson, for Respondents.

COOPER, C. — This is an appeal from the judgment. No
brief has been filed in behalf of any of the respondents, and the
entire labor of examining the points made by plaintiff has thus
been cast upon this court. The contention is made that certain
findings of the court are contrary to the admissions in the
pleadings, others outside the issues, and that the judgment is
not the legal conclusion from the facts found. The action was
brought upon a written contract, made by appellant with the
trustees of the South School District, for the erection of a school-
house in said district, for the agreed sum of $3,289.

It is alleged in the complaint, that plaintiff, on the seventh
day of October, 1897, commenced furnishing materials and
building said schoolhouse, and had nearly completed the same
according to the agreement, when, on the twenty-ninth day of

January, 1898, the district, through its trustees, in violation of the agreement, prevented him from completing the same; that plaintiff furnished materials, and performed said contract according to its terms, until so prevented by the trustees of said district; that plaintiff was paid one half the amount of said contract price, to wit, $1,644.50, and no more.

Plaintiff, in a separate count, alleged that the defendant school district was indebted to him in the sum of $3,800 for material furnished and work done on the schoolhouse, no part of which has been paid, except the sum of $1,644.50, leaving a balance due of $2,155.50, for which judgment is prayed.

The court found that defendant was and is a school district, as alleged, and that the contract was duly made and executed as set forth in the complaint, and further found: "3. That plaintiff duly performed all the terms and conditions of said contract on his part, until the thirty-first day of January, 1898, and was ready and willing thereafter to duly perform all the terms and conditions of said contract on his part, but the defendants Seeley, Tole, and Grider, claiming to act for said school district, took possession of the schoolhouse building mentioned in said contract, and ousted plaintiff therefrom, and prevented him from performing thereafter the terms and conditions of said contract on his part, and they, without any authority from plaintiff, and with the materials therefor which he had purchased to complete said building, completed and finished the same on the twenty-eighth day of February, 1899, and the same was accepted by said school district on that day; 4. That it was by said contract agreed that out of the moneys payable to the plaintiff by the terms of said contract the school district should first pay the amounts due for materials furnished for said building by any person to said Gamache to complete said contract on his part, and which he had not paid for, and that the residue of said money should be paid to said Gamache; 5. That said Simpson and Gray furnished to said Gamache, for said building, materials for the construction of said building, and which were used in the construction of said building, and which he did not pay for, of the contract price of and of the reasonable value of $419.88, and they recovered judgment in their said action against Gamache, said South School District, and its trustees, for said sum of $419.88, and costs of suit; 6. That said Thomas and Buell furnished to said Gamache, which have not been paid for, to them or for them,

materials for the construction of said building, and which were used in the construction of said building, of the contract price of and of the reasonable value˙ of $746.48, and they recovered judgment in their said action against Gamache, said South School District, and its trustees, for said sum of $746.48, and costs of suit; 7. That said F. Ruhl furnished to said Gamache, for said building, materials for the construction of said building, and which were used in the construction of said building, which were not paid for by said Gamache, of the contract price of and of the reasonable value of $144.17, and he recovered judgment in his said action against Gamache, said South School District, and its trustees, for said sum of $144.17, and costs of suit; 8. That the said school district has paid to and for said Gamache, under and by reason of said contract, the sum of $2,069.11, and no more"; "11. That plaintiff never abandoned the construction of said building under said written agreement; 12. That said Gamache did not fail in any respect, either in furnishing materials or labor, or otherwise, to complete the work of construction of said building as he was required to construct the same by said contract, and the defendant said South School District has not by any act or omission of said Gamache suffered any injury or damage whatever; 13. That the unpaid balance of the money, which was to be paid by said school district, was, by the terms of said written contract, to be paid, on the completion of said building, to persons furnishing materials to said Gamache for the construction of said building, and which has not been paid for."

As conclusions of law, the court found "that the plaintiff should take nothing by this action, and that no party to this action is entitled to judgment for costs in this action." Judgment was accordingly entered.

The eighth finding is contrary to the admissions in the pleadings.

The complaint, which is verified, alleges that $1,644.50, and no more, has been paid to plaintiff. The answer does not deny this, but, on the contrary, alleges "that the sum of $1,644.50 was paid to plaintiff under and by the terms of said contract." The admission, in the pleadings, as to this matter is conclusive, and the finding must be disregarded. (*Hendy Machine Works* v. *Pacific C. C. Co.*, 99 Cal. 421.) The answer, after setting up a claim for furnishing materials and finishing the building, further alleges that there remains of the contract

price in the hands of said district "the sum of $412.51, and no other or greater sum of money." The court entirely fails to make any disposition as to this sum so admitted to be due by the district.

The seventh finding is entirely outside of any issue made by the pleadings. We find no answer or pleading in the record as to Ruhl. Not only this, but his name nowhere appears, except in the finding. A finding outside the issues cannot aid in sustaining a judgment. (*Green* v. *Chandler*, 54 Cal. 627.)

The fifth and sixth findings are also outside the issues. The answer of Simpson and Gray, and of Thomas and Buell, contained no allegation as to furnishing materials for the construction of the schoolhouse. They simply alleged that they had commenced actions against plaintiff, in which they alleged and set forth their right to obtain judgment against him, "in satisfaction of their claims and demands for material furnished said Gamache to be used, and which was used, in the construction of the building described in the said contract." They did not ask any money judgment, but that "plaintiff take nothing hereby, and that they be dismissed hence with their costs."

We cannot eliminate the findings herein discussed, and order judgment upon the remaining findings. As the judgment must be reversed, it will subserve the ends of justice to allow the parties to amend their pleadings, if they so desire, so that proper issues may be made. If plaintiff performed all the conditions of the contract, on his part, in good faith, and was prevented by the wrongful acts of defendant school district from completing it, as the court found, he may have been damaged. If so, the court should find the amount of such damage, under appropriate pleadings. If, under the contract, the district had the right to pay Simpson and Gray, Thomas and Buell, and Ruhl, for material furnished in the erection of said building, the court, under proper pleadings, should find the amount due them respectively, and direct its payment. Some one ought to be entitled to judgment for some amount. If there is a balance on hand after the trustees of the district have paid in full for completing the building, and for all labor and materials used thereon, and plaintiff has in all respects complied with his contract, then plaintiff should have it. If it would have cost plaintiff the full unpaid balance to have

completed the contract, it would not appear that he was damaged by being prevented from completing it, unless by the loss of the profit he would have made upon his own labor.

The court has found that plaintiff duly performed all the terms and conditions of the contract on his part, until the defendant district wrongfully entered and prevented him from completing it; that, without authority from plaintiff, the trustees of the district took and appropriated the materials which plaintiff had purchased to complete said building, and with said materials completed it.

It would seem that, under such circumstances, the plaintiff, if damaged, should recover.  The findings do not show whether or not the amounts for which Simpson and Gray, Thomas and Buell, and Ruhl, recovered judgment in different actions have been paid.  If plaintiff has paid them, they would appear to have no further interest in the matter.  If this case should be tried anew, it should be upon proper pleadings, and all the issues should be disposed of so as to carry out the provisions of the contract as far as possible.  If there is money on hand, and if, under the contract, material-men have rights to it, the court should determine and direct to whom it should be paid.  It certainly is not proper that plaintiff take nothing, and that defendants take nothing, and that no one is entitled to costs.

The judgment should be reversed, with directions to the court below to allow all parties to amend their pleadings, if so advised.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion, the judgment is reversed, with directions to the court below to allow all parties to amend their pleadings, if so advised.

McFarland, J., Henshaw, J., Temple, J.