[Civ. No. 599. First Appellate District.—May 14, 1909.]

# D. A. CURTIN, Appellant, v. MARY E. DUNNE, Respondent.

JUDGMENT BY DEFAULT—VACATION—ENTRY CONTRARY TO STIPULATION—DISCRETION.—When it appears that this action was begun by plaintiff as his own attorney, and that another attorney appeared for him on the hearing of a demurrer to the complaint, without substitution of record, and that after demurrer overruled and leave to answer, before the time to answer expired, plaintiff's clerk signed plaintiff's name to a stipulation giving defendant ten days further time to answer, agreeing that it need not be filed, and that after the expiration of the first ten days such attorney, contrary to the stipulation, entered the default of the defendant and judgment by default, the court had discretion to vacate the same and to allow the defendant to answer to the merits.

ID.—AUTHORITY OF CLERK OF PLAINTIFF—ABSENCE OF SHOWING BY PARTIES—PRESUMPTION—AFFIDAVIT OF ATTORNEY.—In the absence of any showing, either by the plaintiff or by his clerk, that the clerk had no authority to represent the plaintiff in signing the stipulation, it must be presumed upon appeal in favor of the action of the trial court in vacating the judgment, that the stipulation was authorized by the plaintiff, notwithstanding an affidavit of such attorney appears in the record that the stipulation was not authorized or consented to by plaintiff.

ID.—STRICT LEGAL AUTHORITY OF CLERK NOT ESSENTIAL—PRESUMED AUTHORITY.—If it be presumed as a fact that plaintiff was present when the stipulation was given, or that it was authorized by the plaintiff, and it appears that defendant acted upon it, this court will not, under the circumstances of the case, pause to consider whether or not, as a purely legal proposition, the clerk had authority to bind plaintiff by the stipulation.

ID.—ABUSE OF DISCRETION MUST CLEARLY APPEAR—ALLOWING OF ANSWER UPON MERITS.—It would have to be made clearly to appear that the trial court abused its discretion, before the appellate court would be justified in annulling an order by the very terms of which a defendant is allowed, after judgment by default, to appear and answer upon the merits.

ID.—FORM OF NOTICE OF MOTION—VACATION OF DEFAULT—WAIVER OF OBJECTION—PROPER VACATION OF JUDGMENT.—The fact that the form of the notice of the motion was to set aside the default is not material where no objection was taken thereto when the motion came on for hearing, nor that the order was made thereunder setting aside the judgment by default. If the default were set aside, the

judgment would fall with it, since the default was the foundation of the judgment. The whole matter was before the court, and it properly granted the relief which appeared to be just and in further-ance of a hearing on the merits.

APPEAL from an order of the Superior Court of the City and County of San Francisco setting aside a default judgment. E. M. Mogan, Judge.

The facts are stated in the opinion of the court.

James H. Boyer, for Appellant.

James P. Sweeney, for Respondent.

COOPER, P. J.—This is an appeal from an order setting aside a default judgment. It appears without conflict that the action was commenced by plaintiff *in propria persona.* The defendant in due time appeared by her attorney, and filed a demurrer to the complaint. Thereafter the plaintiff em-ployed one Boyer as his attorney, who appeared in court on the argument of the demurrer, but no notice was given to the defendant of such employment, other than the appear-ance of Boyer on the argument of the demurrer, and the ser-vice of notice by Boyer of the order overruling the demurrer. No substitution was made of Boyer as attorney of record in the place of the plaintiff, who had acted as his own attorney in bringing the action. The demurrer was overruled, and the defendant was given time in which to answer. Before the time given for answering had expired, defendant's attor-ney prepared a written stipulation, of which the following is a copy:

"It is hereby stipulated and agreed that the defendant Mary E. Dunne may have ten days from the date hereof within which to answer the complaint of plaintiff, or take such pro-ceedings as he may be advised in said action. This stipula-tion need not be filed. Dated May 29, 1908. (Signed) D. A. Curtin, Attorney for plaintiff, by H. J. Poswa."

Before the time named in the stipulation had expired the at-torney for the plaintiff went to the county clerk's office, and had the default of defendant entered, and also a judgment upon such default.

It is claimed by the plaintiff that Poswa had no authority to enter into the stipulation, and that it was made without the authority or consent of plaintiff, and that for this reason it was not binding upon him. The affidavit on the motion to open the default filed on behalf of defendant states that the stipulation was obtained from the plaintiff. The affidavit of plaintiff's attorney states that the stipulation was given by Poswa, who was a clerk in the employ of plaintiff, but that it was given without the authority or consent of either plaintiff or his attorney. It is a significant fact that there is not a word, by affidavit or otherwise, from the plaintiff or from Poswa in denial of the alleged authority to give the stipulation. We must therefore presume in favor of the implied finding of the court to the effect that the stipulation was authorized by plaintiff. If plaintiff was present when it was given or if it was so authorized by plaintiff and the defendant acted upon it, we will not, under the circumstances of this case, pause to consider as to whether or not, as a purely legal proposition, Poswa had authority to bind plaintiff by the stipulation. It would have to be made clearly to appear that the court abused its discretion before we would be justified in annulling an order by the very terms of which a defendant is allowed to appear and answer upon the merits. If the plaintiff has a just cause, and the defense is without merit, he will not be injured. On the other hand, if the defendant has a meritorious defense, she ought not to be deprived of such defense except in a clear case of laches or other default on her part.

There is no merit in the contention that the notice was to set aside the default, and the order as made was to set aside the judgment. The default was the foundation of the judgment, and if the default is set aside the judgment falls with it. Not only this, but it does not appear that any objection was made to the form of the notice when the motion came on for hearing in the court below. The whole matter was before the court, and it granted the relief which appeared to be just and in furtherance of a hearing of the case upon the merits.

The order is affirmed.

Kerrigan, J., and Hall, J., concurred.