[Civ. No. 3504. Third Appellate District.—May 22, 1928.]

BELLE McCAIN, Appellant, v. CHARLES E. BURCH, Respondent.

W. Jefferson Davis and Schoonover & Winnek for Appellant.

No appearance for Respondent.

TUTTLE, J., *pro tem.*—This is a suit brought to cancel a certain mortgage given by appellant and her husband to respondent, and covering the separate property of appellant. Judgment was rendered canceling said mortgage, upon certain conditions being complied with. The appeal is from that portion of said judgment which contains said conditions, and is based upon the judgment-roll.

The following allegations appear in the complaint: That respondent was the attorney for the husband of appellant George McCain, now deceased; that said McCain was in financial difficulties, and said attorney advised appellant that in order to protect her real property from her husband's creditors, she mortgage the same to him; that at this time appellant was the sole owner of certain real prop-

erty which is described in the mortgage; that pursuant to said advice of said attorney, appellant executed the mortgage in question to him. The amount of said mortgage was $15,000, and it was given to secure the payment of a note dated August 11, 1922; that said note and mortgage were obtained by respondent through undue influence and without consideration, and 'that the execution of said documents was procured by respondent wrongfully and fraudulently and with intent to defraud appellant. Cancellation of said instruments is prayed for.

Respondent filed an answer admitting the execution of said instruments, but denying all the other allegations of the complaint. He also filed a cross-complaint, praying for a foreclosure of said mortgage. The answer alleged that the note and mortgage were given as security for the amount due respondent on account of legal services, and costs advanced in connection therewith.

The court found that the note and mortgage were obtained *without consideration* and under undue influence. It further found, however, that appellant's husband employed respondent, during the month the said instruments were executed, as his attorney, and that there was due from appellant to respondent the sum of $3,500 as an attorney fee and $235 costs advanced by him, making a total of $3,735. As conclusions of law, the court "decides" that appellant is entitled to judgment against respondent, requiring him to surrender to appellant the said note, and is entitled to have the said mortgage released of record, "and that as a condition precedent to the surrendering up of said note and the releasing of said mortgage, said plaintiff and cross-defendant shall pay to the said Burch, within sixty (60) days of date of judgment herein, the sum of Thirty-five Hundred Dollars ($3500.00) attorney's fees, and the further sum of Two Hundred Thirty-five Dollars ($235.00) disbursements made by the said defendant and cross-complainant Charles E. Burch for and on behalf of said plaintiff and cross-defendant Belle McCain, making a total sum of Thirty-seven Hundred Thirty-five Dollars ($3735.00), without interest and without costs."

Judgment was thereupon entered as follows:

"Now, Therefore, by reason of the premises, it is ordered, adjudged and decreed that the plaintiff and cross-defendant,

Belle McCain, is entitled to a judgment against the defendant and cross-complainant, Charles E. Burch, requiring the said defendant and cross-complainant, Charles E. Burch, to surrender unto said plaintiff and cross-defendant the promissory note and mortgage described in the findings of fact and conclusions of law herein, and is entitled to have the said mortgage released of record in the County Recorder's office of San Diego County, California, provided, however, that as a condition precedent to the right of the plaintiff to have the said note and mortgage surrendered, canceled and released, the said plaintiff and cross-defendant, Belle McCain, shall pay to the said defendant and cross-complainant, Charles E. Burch, within sixty (60) days from the date of the entry of judgment herein, the sum of thirty-five hundred dollars ($3,500.00) as attorney's fees due from the said Belle McCain to the said Charles E. Burch, and the further sum of Two Hundred Thirty-five Dollars ($235.00) disbursements made by the said Charles E. Burch for and on behalf of the said Belle McCain, or a total of Three Thousand Seven Hundred Thirty-five Dollars ($3,735.00) without interest; and it is further ordered, adjudged and decreed that if said sum of Three Thousand Seven Hundred Thirty-five Dollars ($3,735.00) be not so paid to the defendant and cross-complainant within sixty (60) days from the time of the entry of judgment herein, that said amount, to-wit, Three Thousand Seven Hundred Thirty-five Dollars ($3,735.00) shall be and is hereby adjudged to be a lien upon all of the right, title and interest of the said Belle McCain in and to the following described property situated in the City of San Diego, County of San Diego, State of California, to-wit:

"Lots One (1), Two (2) and Three (3) in Block Four (4) of Nutt's Addition to the City of San Diego according to the map thereof on file in the County Recorder's office of San Diego, California

"and if not so paid, that execution issue therefor.

"It is Further Ordered, Adjudged and Decreed that in the event the said sum of Three Thousand Seven Hundred Thirty-five Dollars ($3,735.00) is paid to the said Charles E. Burch within sixty (60) days from the entry of the judgment herein, that he shall be forever debarred from fore-

closing the said mortgage as prayed for in his cross-complaint herein.''

The portion of the judgment appealed from commences with the words "provided, however," and continues to the end thereof.

No appearance on this appeal is made by respondent. Appellant contends that the judgment is not supported by the findings. We are in accord with this view. The court found expressly that the note and mortgage were fraudulent and void and then proceeded to treat them as valid when, in the judgment, they are used by respondent as a weapon to force appellant *to pay the debt of her husband to the attorney who was found guilty of such fraud.* The court found that the *husband* employed said attorney. This is a very unusual situation, where the court finds the attorney secured the note and mortgage through fraud practiced upon appellant, and yet refuses to give her a cancellation to which it *found* she was entitled, until she paid a certain obligation which arose out of matters which were not in issue in the case. The attorney fee could not have been part of the consideration for the note, because the court found the note was given *without consideration.* It will be noted that the judgment only forbids foreclosure in the event the said attorney's fee is paid within 60 days from the entry thereof. In other words, if appellant did not pay said sum within said time, respondent could proceed to force payment of a mortgage which the court had found void, and which was procured through his own fraud.

Indulging in every intendment in favor of upholding the judgment, the pleadings do not disclose any allegations which could give rise to the issue on the question of the attorney fee rendered under an employment with appellant's husband, who was deceased when the complaint was filed herein. It might have been litigated under the guise of a consideration for the mortgage, but the court expressly found that the note and mortgage were executed *without consideration.* This carries with it an implied finding that respondent was not entitled to an attorney fee in connection with the transaction in question, for he expressly alleges in his answer that the said attorney fee and costs were due him as a *consideration for the execution of said mortgage.*

The question as to the effect of a provision in the judgment which is not within the legal issues, is clearly discussed by Preston, J., in the case of *Baar* v. *Smith*, 201 Cal. 87 [255 Pac. 827], where it is held that so much of the judgment as attempts to adjudicate such issues is null and void. That case is also authority upon the question as to the extent the trial court is bound and limited by the pleadings, in rendering its judgment. The language of the learned justice in the case last cited is peculiarly appropriate to the matter under consideration here, and we quote therefrom: "If such provisions (in the judgment) could be sustained, pleadings could be dispensed with altogether. A litigant under such laxity could receive benefits or injuries that he could not expect or anticipate, until the chancellor, without restraint of any kind, announced the length of his foot."

The portion of the said judgment referred to is without support in the findings. (*Los Angeles Brewing Co.* v. *Klinge*, 7 Cal. App. 550 [95 Pac. 44].) It also attempts to adjudicate a matter which was not embraced within the issues. (*Baar* v. *Smith, supra.*)

The judgment is modified by striking therefrom that portion thereof appealed from, appellant to recover her costs on appeal.

Hart, Acting P. J., and Plummer, J., concurred.