[Civ. No. 10927. Second Appellate District, Division Two.—April 20, 1936.]

HERMENA MERGENDOLLER, Appellant, v. FREDERICK MANUEL MERGENDOLLER, Respondent.

Daniel A. Knapp for Appellant.

Rosalind G. Bates for Respondent.

GOULD, J., *pro tem.*—Plaintiff and appellant complains that upon awarding her a decree of divorce from defendant the court limited her alimony allowance to a period of six months and set aside an automobile to her husband as his separate property.

An allowance for the support of a wife may be made for such period "as the court may deem just, having regard to the circumstances of the parties". (Civ. Code, sec. 139.) "Unless there is a manifest abuse of discretion, the higher court has no authority to interfere." (*Lamborn* v. *Lamborn,* 80 Cal. App. 494 [251 Pac. 943, 945] ; *Duffey* v. *Duffey,* 79 Cal. App. 734 [251 Pac. 218].) With conflicting evidence and a substantial showing in the record to sustain the trial court, we cannot say that there is any abuse of discretion in its order in this case.

As to the automobile, the court's attempt to award it to the husband as his separate property cannot be sustained. There was nothing in the pleadings concerning the automobile or any other item of property, and no testimony was offered concerning it. Consequently the court lacked power to make any adjudication as to the matter. (*Gamache* v. *South School District,* 133 Cal. 145 [65 Pac. 301].)

With the single exception as to the disposition of the automobile, the judgment is affirmed, each party to bear own costs of appeal.

Wood, J., and Crail, P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 18, 1936.