[Civ. No. 2761.   Fourth Dist.—July 1, 1941.]

BERT SIMMONS, Appellant, v. DOROTHY SIMMONS, Respondent.

Barry Sullivan and Carl L. Elver for Appellant.

LeRoy N. French and Platt & Sinai for Respondent.

MARKS, J.—This is an appeal from an order vacating a prior order awarding plaintiff, pending trial of the action, $100 per month for his support, $750 for attorneys' fees, and $25 for court costs.

The record consists of a clerk's transcript which bears no certificate of the trial judge. It shows that three witnesses were sworn and testified. There is no reporter's transcript nor bill of exceptions.

Waiving for the moment the technical reasons why we cannot entertain this appeal, and directing our attention to the merits, there is no sound reason presented for a reversal of the order.

The original hearing was had on July 24, 1939, in response to an order to show cause. On that day, by leave of court,

defendant filed a supplemental answer in which she set up a Nevada divorce rendered on July 21, 1939, and sought to have it determined that plaintiff and defendant were not then husband and wife.

On the following morning the trial judge, on his own motion, reopened the hearing on the order to show cause. Both parties were represented by counsel. No objection was made by either counsel to the order nor to the further hearing. The question of lack of notice was not raised.

The hearing proceeded without any objection being made and the trial judge vacated his prior order, principally on the grounds of defective allegations of the complaint and the Nevada decree which terminated the marital relation formerly existing between the parties.

■ Plaintiff argues that the trial court had no authority, of its own motion and without notice, to vacate the former order. The voluntary appearance of counsel and his participation in the proceedings without objection were a waiver of notice. (*Hammond Lumber Co.* v. *Blog ood,* 10 Cal. App. 561 [281 Pac. 1101]; *Acock* v. *Hals* Cal. 215 [27 Pac. 193]; *Curtin* v. *Dunne,* 10 Cal. App. 586 [102 Pac. 325]; *Walberg* v. *Underwood,* 39 Cal. App. 748 [180 Pac. 55]; *Brown* v. *Superior Court,* 65 Cal. App. 147 [223 Pac. 426].)

■ In the absence of a bill of exceptions or a transcript sufficiently certified by the trial judge, there is no record upon which we may consider this appeal. (Code Civ. Proc., sec. 951; *Kwon* v. *Kwon,* 39 Cal. App. (2d) 232 [102 Pac. (2d) 808], and cases cited.)

The appeal is dismissed.

Barnard, P. J., and Kelly, J., *pro tem.,* concurred.