[Civ. No. 19287.   Second Dist., Div. One.   Mar. 11, 1953.]

SOPHIA L. JONES, Appellant, v. LAURENCE JONES, Respondent.

John E. Glover for Appellant.

Max E. Gilmore for Respondent.

PATROSSO, J. pro tem.—In the year 1945, plaintiff obtained a decree of separate maintenance which, among other things, provided that the defendant pay all necessary medical and dental bills and expenses of the plaintiff and the minor children of the parties. In September, 1951, plaintiff filed an affidavit wherein she set forth the provisions of the decree in this regard; that it had become necessary for her and the minor child, Laurence, to have eye examinations and procure optical glasses for which she had incurred an expenditure of $81.95; that plaintiff had requested defendant to pay the same but that he had refused to do so. The affidavit further stated that plaintiff was urgently in need of dental work and had consulted a dentist by whom she had been advised that the estimated cost thereof was the sum of $385; that she had demanded of defendant that he make the requisite financial arrangements with said dentist or one of his own choosing in order that the necessary dental work might be performed, but that the defendant had refused so to do; that defendant had notice of the provisions of the decree and was financially able to comply therewith. Upon the filing of this affidavit there was issued an order to show case why defendant should not be found in contempt for his failure and refusal to provide the necessary dental care for plaintiff and to pay for the charges incurred by her for eye examinations and glasses for herself and minor son. At the same time plaintiff filed a notice of motion for an order directing defendant to pay for the last mentioned charges. Thereafter, defendant filed an affidavit in support of his request for and obtained an order directed to plaintiff to show cause why the decree of separate maintenance should not be modified so as to relieve defendant from the obligation of making any further payments *for the support of his minor son, Laurence,* or for any medical or dental bills incurred in *his* behalf.

All of these matters came on for hearing at the same time,

following which the trial court made an order which in its entirety reads as follows:

"Plaintiff's order to show cause re contempt, plaintiff's motion for attorney fees and costs, Plaintiff's motion to require Defendant to pay medical bills and dental expenses, and Defendant's order to show cause re modification of order of October 3, 1945 having been heretofore submitted on November 7, 1951, the Court now renders its decision and order as follows: All orders for payment of future doctor bills by the Defendant are vacated. Bills for eyeglasses are held to be not included in prior orders for payment of medical bills. The Defendant is ordered to pay $150.00 attorney fees direct to Plaintiff's attorney, payable forthwith. The contempt matter is dismissed."

Plaintiff appeals from this order insofar, (1) as it vacates the provision of the decree of separate maintenance whereby defendant is required to pay for all necessary medical and dental bills and expenses of the *plaintiff*, and (2) determines that the expense previously incurred for eye examinations and eyeglasses is not comprehended within the phrase medical bills and expenses contained in the separate maintenance decree.

Appellant contends, in effect, that the court was without jurisdiction to modify the prior decree or vacate so much thereof as required the defendant to pay for necessary medical and dental expenses of *plaintiff* because no issue with respect thereto was before the court. With this contention we are constrained to agree.

The only matters before the court at the hearing resulting in the order appealed from were: (1) the application of plaintiff for an order directing defendant to pay for the expense already incurred for examinations of the eyes of herself and minor son and in procuring the eyeglasses prescribed as a result thereof, and for dental work alleged to be necessarily required by the plaintiff, and (2) the application of defendant for a modification of the decree insofar as it required him to pay for the *support and medical and dental care of his minor son*. There is nothing in the moving papers of the defendant to suggest that he was seeking any modification of the prior decree insofar as it provided that he pay for the medical and dental bills and expenses of the *plaintiff* herself as distinguished from those incurred for their minor son. Nor was any such issue presented by the evidence upon the hearing. Indeed, during the early stages of the

hearing counsel for respondent stated to the court: "As far as the dental bill is concerned, I would like to state that the defendant's position with respect to that is his inability to pay. His financial position is such that he cannot afford to pay it." Again after appellant had rested, counsel for respondent said: "If your Honor please, I will now examine this witness (defendant) to attempt to show his inability to pay for this dental expense at this time and further I will go into the—I will examine him *with respect to the defendant's motion to be relieved of paying $75.00 or any other sum, for the support of the child* as long as this trust fund is in existence and Mrs. Jones is getting substantial sums in connection with that."

While the court which has rendered a decree of divorce or separate maintenance retains jurisdiction to modify the provisions thereof insofar as they relate to the support and maintenance of the wife and minor children, it may not do so ex parte, but only after notice and hearing. (*Moore* v. *Superior Court*, 203 Cal. 238, 242 [263 P. 1009].) In this respect we see no difference between the situation here and that presented where upon the trial of a divorce action the court undertakes to award property to one of the spouses upon a finding that the same is his separate property when no issue is tendered and no evidence introduced with respect thereto, wherein it is held that it is error for the court to do so. (*Mergendoller* v. *Mergendoller*, 13 Cal.App.2d 310, 311 [56 P.2d 972].) Likewise, it has been held that an order modifying the provisions of a divorce decree with reference to the custody of children is void when made without notice. (*In re Saunders*, 76 Cal.App.2d 635, 637 [173 P.2d 818].)

Nor is there any merit in respondent's contention that, by requesting an order directing the payment by defendant of the cost of dental services alleged to be necessarily required by the plaintiff, the court was thereby empowered to modify the terms of the prior decree with respect thereto. The only questions presented by appellant's application were whether the dental services were necessary; whether the amount to be incurred therefor was reasonable and whether defendant was financially able to pay therefor. There was nothing, however, which would serve to advise the appellant or her counsel that in determining these questions the court would undertake, in the absence of any request therefor by

the defendant, to modify the terms of the decree in other particulars.

Likewise without merit is the further contention of respondent that the court possessed the power upon its own motion to so modify the decree. The case of *Simmons* v. *Simmons*, 45 Cal.App.2d 695 [114 P.2d 659], cited by counsel in this connection does not support his contention. There, upon the hearing of an order to show cause in a divorce action, the trial court had made an order awarding plaintiff, pending a trial, $100 per month for his support and a further sum for attorney's fees. On the day of the hearing, by leave of court, the defendant was permitted to file a supplemental answer in which she set up a Nevada divorce and sought to have it determined that plaintiff and defendant were not then husband and wife. "On the following morning the trial judge, on his own motion, reopened the hearing on the order to show cause. Both parties were represented by counsel. No objection was made by either counsel to the order nor to the further hearing. The question of lack of notice was not raised." (P. 696.) It was following this further hearing that the order setting aside the previous order was made. There, all parties were advised that the further hearing was being had upon plaintiff's application for support and attorney's fees, and counsel for the respective parties participated therein without objection or protest. Here, on the contrary, neither appellant nor her counsel had any notice when the hearing was concluded and the court took the matter under submission that it would undertake to modify the decree in a particular which was not mentioned in the moving papers of the respondent or during the course of the hearing.

We also find ourselves unable to agree with the determination of the trial court that the expense incurred by plaintiff for the examination of her eyes and those of her minor son and the cost incurred in procuring the glasses prescribed as a result thereof is not included within the description of medical bills and expenses as that term is used in the decree of separate maintenance. While in a strict technical sense this may be true, the expression "medical expense" as commonly understood, we believe, is sufficiently broad and comprehensive to include that incurred for the examination of eyes and the cost of procuring the glasses prescribed for the correction of any defects of vision ascertained as a result of the examination. Particularly would this appear to be true when

the expression is found in a decree of separate maintenance. It is common knowledge that such decrees frequently provide, as here, for the payment of a stated sum monthly for the support and maintenance of the wife and children and in addition for the payment by the defendant husband of the cost of necessary medical and dental care which may be required by them. The evident thought being that, while the stated amount is considered adequate to provide for the everyday necessities of the family such as rent, clothing and food, it is recognized as being insufficient to meet the extraordinary contingencies which may arise as a result of illness or other physical disability. Defective vision may be no less disabling than a physical injury or illness, and the cost of remedying the former would appear to be within the scope of such a provision no less than that incurred in curing or relieving the latter. In this respect we perceive no material distinction, except perhaps in degree, between the cost of a tonsillectomy and the expense necessarily incurred for the examination of eyes and the cost of optical lenses required to correct defective vision. Nothing herein said is intended to suggest that we are necessarily of the view that appellant is entitled to the relief which she seeks. Upon a further hearing of the matter the trial court will be free to determine whether or not the glasses obtained by the plaintiff for herself and her son were necessary and the cost thereof reasonable; whether there is a present necessity for the dental work appellant claims to require, the reasonableness of the estimated cost thereof and the present ability of the defendant to pay therefor, and to make such order in the premises as in its judgment is warranted by the evidence.

Appellant makes no complaint insofar as the order appealed from modifies the prior decree so as to relieve respondent from the requirement of paying future medical and dental expense incurred for the minor son, and the evidence is sufficient to support the court's determination in this respect.

Insofar as the order appealed from relieves the respondent from the necessity of paying future medical and dental expense of the minor son of the parties it is affirmed. In other particulars it is reversed and the matter remanded for further hearing in accordance with the views herein expressed.

Doran, Acting P. J., and Drapeau, J., concurred.