405 So.2d 896 (1981)
Judy SMITH
v.
Melvin Roger SMITH.
No. 53018.
Supreme Court of Mississippi.
November 11, 1981.
Edwards, Storey & Helveston, James C. Helveston, West Point, for appellant.
James D. Waide, West Point, for appellee.
Before SMITH, P.J., and WALKER and BOWLING, JJ.
BOWLING, Justice, for the Court:
Appellant and appellee were divorced on September 26, 1975. At the time the parties had two minor children. Appellee in the decree was required to pay $150 per month toward the support of each child. He further was directed to pay "major medical expenses for the children that exceeded $50 per month." For some strange reason a copy of the divorce decree does not appear in the record before us or any of the briefs. The allegation about the major medical expense requirement is merely set out in the petition that is the subject of this appeal.
On February 16, 1981, appellant filed her petition requesting the Chancery Court of Clay County to cite appellee for contempt for refusing to pay an orthodontic treatment bill in the sum of $1,885. This was for orthodontic treatment to Kim Smith, daughter of the parties. Her age is not mentioned in the record or other instruments now before us. The statement from the orthodontist requires that initial payment of $685 be paid on June 19, 1980, and a payment of $50 each month thereafter for twenty-four months through July 4, 1982.
Appellee filed a special demurrer to the petition contending that the original decree does not require defendant to pay dental expenses, and therefore the petition does not set out a cause of action. Other grounds were set out in the demurrer. The demurrer was sustained by the chancellor for the reason that the dental bill was not major medical expenses. Appellant contends that the above quoted part of the divorce decree contemplated that the expense in question be paid by appellee as "major medical expenses."
*897 We, therefore, are faced with the question as to whether or not dental expenses in the form of orthodontic procedures on the daughter of the parties come within the definition of "major medical expenses" as that term relates to a provision in a divorce decree regarding future support of the minor children of the parties. Neither appellant nor appellee in their rather brief briefs cite specific authorities on the question before us, and our research does not reveal that this Court has passed specifically on the question in this appeal.
Bearing in mind continually as heretofore stated, we are dealing with medical and/or dental treatment of a young female child, who is entitled to receive complete medical attention from her parent or parents. We first note the definition of the practice of dentistry as defined in Section 73-9-3, Mississippi Code Annotated, (1972), as follows:
... treating any of the diseases or disorders of lesions of the oral cavity, teeth, gingivae or maxiliary bones or who shall extract teeth, repair or fill cavities of human teeth, correct mouth position or irregularities of the teeth and jaws, practice surgery of the head or neck incident to the practice of oral surgery or construct or repair or mend artificial teeth, crowns or bridges or who shall administer anesthetics or use x-ray in the connection with the practice of dentistry... .
In 59 Am.Jur.2d, Parent and Child, § 87, p. 184, we find the following under the heading "Medical Services."
That medical care, when needed, is included among the necessaries for which a third person can recover from the parent in a proper case, has never been doubted. This, of course, includes dental services, and any surgical operations essential to the preservation of the life or health of the child....
We find good reasoning set out by the appellate court of California in Jones v. Jones, 116 Cal. App.2d 604, 254 P.2d 67 (1953). There the court was involved with the question as to whether or not eye examination and glasses of the child in question was included within the term medical expenses required to be paid by her father. The court in answering this question in the affirmative said:
... the expression "medical expense" as commonly understood, we believe is sufficiently broad and comprehensive to include that incurred for the examination of eyes and the cost of procuring the glasses prescribed for the correction of any defects of vision ascertained as a result of the examination. Particularly would this appear to be true when the expression is found in a decree of separate maintenance. It is common knowledge that decrees frequently provide, as here, for the payment of a stated sum monthly for the support and maintenance of the wife and children and in addition for the payment by the defendant husband of the cost of necessary medical and dental care which may be required by them. The evident thought being that while the stated amount is considered adequate to provide for the every day necessities of the family, such as rent, clothing and food, it is recognized as being insufficient to meet the extraordinary contingencies which may arise as a result of illness or other physical disability. Defect of vision may be no less disabling than a physical injury or illness and the cost of remedying the former would appear to be within the scope of such a provision no less than that incurred in curing or relieving the latter. In this respect we perceive no material distinction, except perhaps in degree, in the cost of a tonsilectomy and the expense necessarily incurred for the examination of eyes and the cost of optical lenses required to correct defective vision.
It is common knowledge that sometimes children in growing develop situations with their teeth requiring orthodontic treatment, not only for the mere straightening of the teeth, but for other health related conditions. We recognize that a percentage of such orthodontic treatment is done solely for cosmetic reasons. We therefore hold that the primary question in this cause is whether or not the dental orthodontic treatment *898 to the child of the parties was reasonably necessary for her health and well being, including mental and physical, and is the proper treatment. The definition of the practice of dentistry clearly indicates that the orthodontic treatment in certain instances is required to correct not only the teeth but other body problems. We, therefore, hold that it is a question of fact as to whether or not the orthodontic treatment of the child is reasonably necessary, and, if so, such treatment comes within the term "medical expenses."
REVERSED AND REMANDED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and HAWKINS, JJ., concur.