[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR CONTEMPT AND MOTION TO MODIFY
CT Page 8723
Before the court is the defendant's motion for contempt and the plaintiff's motion to modify.
The defendant has raised the issue whether prescriptions are included in the term "medical expenses."
The decree of dissolution of the parties' marriage provided in pertinent part:
 The plaintiff shall maintain medical insurance coverage, as available through his employment, for the benefit of the minor children, subject to the provisions of 46b-84c of the General Statutes, and the plaintiff shall pay the cost of any and all uncovered medical, dental and optical expenses incurred on behalf of the said minor children.
The enumeration of certain expenses like optical and dental in the decree after a general reference to medical expense is urged by the plaintiff as grounds to interpret the decree in such a manner that prescription expense is not contemplated within the decree as an expense to be paid for by the plaintiff. The court is unpersuaded.
The court holds that the term "medical expenses" in the decree of dissolution includes prescriptions. To the extent that medicines are prescribed by a physician, they are a necessary part of the treatment. See Bucy v. Bucy, 23 Conn. App. 98, 101. "[T]he practice of medicine is an expansive one." Medicine is "`[t]he science of diagnosing, treating or preventing disease or other damage to the body or the mind.'" Bucy v. Bucy, supra, 101. The term "medical expense" as used in dissolution decrees must be interpreted broadly because such decrees generally provide for the maintenance of the former spouse and children. Jones v.Jones, 116 Cal.App.2d 604; Bucy v. Bucy, supra, 102.
The court finds that the plaintiff did not pay certain prescription bills. He was required to do so by the decree, and is found in contempt of the prior order for not having done so. He is ordered to pay any remaining unreimbursed prescription bills for the children not later than September 30, 1994.
Flynn, J. CT Page 8724