No. 2057.—NATHANIEL CHESNUT, Natural Tutor of R. CHESNUT, *v.* JOHN HUGHES.

The prescription of one year in bar of an action in damages for a quasi offense must be computed from the day on which the injury was caused, without computing the day on which it was received. C. C. 3430, 3467.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley, J. Robertson & Zacharie, Campbell, Spofford & Campbell*, for plaintiff and appellee. *Brice & Mitchell* and *H. J. Leovy*, for defendant and appellant.

This case was tried by a jury in the court below. The verdict, which was based entirely on the facts, was set aside on appeal because it was not sustained by the evidence in the record.

LUDELING, C. J. The plaintiff sued the defendant for twelve hundred dollars, due to himself, and for twenty-five thousand dollars, due to his minor son, for damages occasioned to them by the neglect and gross carelessness of the defendant, in this, that he allowed "the fencing, and particularly the gates in the fencing, inclosing a lot of ground belonging to defendant to become so dilapidated and insecure that they endangered the lives of those who passed along the street at that point. That on the fourth of April last, his son, Rogers Chesnut, then aged about ten years, while quietly passing along the public street, in front of the above mentioned property, * * * was suddenly struck down by a large and ponderous gate * * * and was seriously injured for life. That the falling of the gate was owing and solely due to the insecure condition of the gate or portion of the fence," etc.

The defendant, for answer, denied all liability, alleged that the property was in the possession and under the control of Charles Morgan, who had leased it from defendant; that the fence and gate were in good order, and could not have fallen or injured any one if the panel, which fell, had not been removed from its proper position by some trespassers; and he further pleads prescription of one year.

There was a trial by a jury, who rendered a verdict for three thousand dollars for the father and three thousand dollars for the son, and judgment was rendered accordingly.

Prescription had not accrued when the citation was served on the fourth of April, 1868, the injury having occurred on the fourth of April, 1867. The year must be computed from the day on which the injury was caused—the day *a quo* is not included. C. C., article 3467 (3430); 3 An., 528.

The evidence establishes that the premises had been leased to Charles Morgan; that the fence was not in a dilapidated or bad condition, and that no injury could have resulted to anyone passing by if the panel or gate had not been removed from its proper position. It is proved that the gate or portion of the fence which fell had been taken from its place by trespassers, who desired to pass over the premises, and that they had neglected to place it back into the clews or sockets which secured it. It is further proved that two of the boys were on the fence and the other was trying to get up a few minutes before the accident. Mr. Sampson says: "When I came out I saw two of the boys on the fence and one below, trying to get up. They were climbing the gate. The gate was leaning against the fence. Both the boys on the top were waving and hallooing." This was "about five minutes before he saw them carrying the little boy Chesnut away." It is further proved that the wind was quite strong at the time.

The evidence entirely fails to show that the injury was caused by

negligence, imprudence, want of skill, or fault of any kind, on the part of the defendant.   15 An., 448, Burton *v.* Davis.

The verdict of the jury is manifestly erroneous.

It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled; that the verdict of the jury be set aside, and that there be judgment rejecting the plaintiff's demand, with costs of both courts.