# PORTO RICO RAILWAY, LIGHT, & POWER COMPANY
*v.*
## ATLAS TRANSFER COMPANY.

---

## ·MUNOZ
*v.*
## SAME.

---

San Juan, Law, Nos. 928 and 929.

ON THE PRESCRIPTION OF ONE YEAR.

Pleading—Demurrer after Time.

1. Where a pleading has been filed after the time allowed by law has expired, the proper method of attacking it is by motion to strike. Right to file such pleading must be obtained from the court, but this right may be granted after such period has expired.

Limitations—Prescriptions.

2. Prescription under the Spanish law is broader than limitation under the American, inasmuch as it terminates ownership as well as remedies.

Prescription—Date from Which.

3. The provision that the day on which the time begins to run is considered as a whole day occurs in the chapter relative to prescription of property rights, and does not apply to the prescription of actions.

Prescription—Time.

4. The provision in the Political Code, that the time in which any act is to be done is computed by excluding the first day and including the last, applies to prescriptions of actions, as well as to other matters.

Opinion filed October 29, 1913.

*Mr. J. H. Brown* for plaintiff.

*Mr. N. B. K. Pettingill* for defendant.

HAMILTON, Judge, delivered the following opinion:

The complaint in cause No. 928 was filed December 27, 1912, setting up the alleged negligence of the defendant in leaving a truck across plaintiff's railway line, by which a collision with plaintiff's car was occasioned, with resulting injury to the car, and also interrupting plaintiff's service of electricity by injury to an adjoining pole. This accident is alleged to have occurred December 27, 1911, between 7 and 8 o'clock P. M. Defendant on May 8, 1913, filed a demurrer setting up the prescription of one year under the provisions of § 1869, subd. 2, of the Civil Code of Porto Rico, taken in connection with provisions § 1861, subd. 3, and § 1870 of the same Code. On June 13 plaintiff filed a motion to strike the demurrer from the files, because not filed by the 6th of May, which is alleged to be the limit for pleading. No entry of default had been entered by the clerk. The matter now comes up, therefore, first, upon the motion to strike.

1. There is no question that, where a pleading has been filed after the time for filing has expired, the proper method of attacking it is by motion to strike. 31 Cyc. 634. The question is whether, when the time expires, leave of court is necessary for filing.

The procedure in Porto Rico is governed by § 194 of the Code of Civil Procedure. This seems to draw a distinction between suits in contract, which subdivision 1 declares to re-

Porto Rico R. L. & P. Co. v. Atlas Transfer Co.

quire application of the plaintiff, and other actions, where the secretary (clerk) is required to enter the default. The case at bar is an action in tort, where the clerk did not enter the default before the demurrer was filed. The demurrer was not void because filed after time. Acock v. Halsey, 90 Cal. 216, 27 Pac. 193.

The point seems to be covered by the decision of Juncos C. Co. v. Rodríguez, 16 P. R. R. 286, where the matter of striking is declared to be discretionary with the trial court. This will be followed, and the filing of the demurrer, therefore, in this case is allowed and ratified. It is not worth while imposing terms, as these should not extend beyond the cost of the motion, which would be small.

2. What is in Anglo-Saxon jurisdictions spoken of as statute of limitations, based on the statute of 21 Jac. I. (1623), is in Spanish and Porto Rican law covered by what is called prescription. Of prescriptions there are two classes: One called by Manresa "acquisitive prescription," or "prescription of ownership," and the other "prescription of actions." 12 Com. 825, 854. Title 18 of the Porto Rico Code is accordingly divided into three chapters, the first containing general provisions, chapter 2, entitled "Prescription of ownership and of other property rights," comprising §§ 1841 to 1861, and chapter 3, entitled "Prescription of actions," covering §§ 1862 to 1876. The question at bar would come under chapter 3, or what under other codes would be strictly limitation of actions. The provisions of chapter 2 affect rights. These may be acquired or lost by prescription. The statute of limitations, on the other hand, is designed to affect only remedies. The ultimate result may be the same, because the possession of a right is not

of any value unless one can sue to enforce it; nevertheless in theory the statute of prescription primarily affects the right, and the statute of limitations affects the remedy. On the other hand, chapter 3 of title 18 of the Civil Code of Porto Rico is quite in the nature of a statute of limitations, and relates to remedies alone. González v. San Juan Light & Transit Co. 17 P. R. R. 122. It should, so far as system is concerned, be embraced in the Code of Civil Procedure; but the several codes of Porto Rico do not in all respects conform to their theoretical objects.

3. Section 1870 of the Civil Code of Porto Rico provides: "The time for the prescription of all kinds of actions, when there is no special provision to the contrary, shall be counted from the day on which they could have been instituted." And § 1861 (3) says that "the day on which the time begins to run is considered as a whole day, but the last day must be wholly completed." It is argued that it is in accordance with Spanish procedure to begin the running of the limitation on the day the cause of action arose, and that, when the contrary is intended, the wording is that it shall run from the day following, *desde el dia siguiente*. Whatever may be the proper interpretation of § 1861, however, that section is not in the chapter applicable to actions, but in that relating to ownership and other property rights; and it would, moreover, be an extreme application of the principle of § 1870 to say that the suit could have been instituted on the day of the accident, when that happened at a distance from San Juan, between 7 and 8 o'clock in the evening.

The Porto Rico Code of Civil Procedure is American in

origin, being adopted from Montana and California, the codes of which, in turn, resemble that of New York; and the court would therefore be disposed to follow the tendency of the American decisions. The supreme court of Porto Rico holds the same view in González v. San Juan Light & Transit Co. 17 P. R. R. 125.

While the Code of Louisiana represents a different branch of the civil law, its principles are analogous to the Spanish, and it is instructive to find that the supreme court of that state construes the statute of limitations as excluding the first day and including the last. Chesnut v. Hughes, 22 La. Ann. 615. The analogy of the law of Louisiana to that of Porto Rico is noticed by the supreme court of Porto Rico in González v. San Juan Light & Transit Co. 17 P. R. R. 115, 122.

4. Moreover, the question at bar seems to be settled by § 388 of the Political Code, which is as follows:

"The time in which any act provided by law is to be done is computed by excluding the first day, and including the last, unless the last day is a holiday, and then it is also excluded."

It is true that this occurs in the Political Code, but there is a sense in which courts are political divisions, and moreover, the section in question occurs in title 10, Miscellaneous Provisions, which covers other subjects than those merely political. Here we have holidays defined, rules as to joint authority, definitions of words, and the like.

The same principles apply to No. 929.

It is considered, therefore, that the suits were brought within a year, and the demurrer will be overruled in each case.