MANUEL SEOANE Y SAN MARTÍN, Plaintiff and Appellant, *v.* FERNANDO J. CORTÉS, Defendant and Appellee.

No. 3930.   Argued November 9, 1926.—Decided March 25, 1927.

*Francisco Soto Gras* for the appellant.   *O. B. Frazer* and *R. Castro Fernández* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

This is an action on an obligation to recover the sum of $4,000 and interest. A demurrer filed by the defendant was overruled. Defendant failed to answer in time and the plaintiff presented a motion to the clerk to have the default

noted and the judgment entered against the defendant for the amount claimed. Two days later and before the default had been noted or judgment entered, the defendant filed his answer and some time after the clerk entered the judgment by default against defendant. Thereupon he moved the court to vacate the judgment and the motion was sustained. The plaintiff appealed from that ruling.

There is no argument between the parties as to the clerk's being empowered in this case to note the default of the defendant in accordance with subdivision 1 of section 194 of the Code of Civil Procedure. The issue between them is as to whether the default judgment entered by the clerk on motion of the plaintiff and after the filing of the defendant's answer is void.

Under the statute cited the clerk is authorized to enter judgment by default only when no answer has been filed by the defendant, and as the latter had filed an answer before the clerk entered the judgment by default, we must hold that such judgment is void, although the answer was filed after the plaintiff had moved for default and judgment against the defendant. What is important and decisive is not the fact, as alleged by appellant, of the filing by the plaintiff of the motion for entry of the default judgment, but the actual entry thereof by the clerk.

The case of *Acock* v. *Halsey*, 90 Cal. 218, is very similar to this case. The clerk had entered on the record thereof the withdrawal of his action by the plaintiff, and defendant then filed his answer. Later the clerk entered the judgment of dismissal. The court set aside the judgment of dismissal and its decision was affirmed on appeal because an action is not withdrawn until judgment of dismissal is entered, and because the action was withdrawn after an answer thereto had been filed praying for affirmative relief. This answer, though filed after the expiration of the legal period, could not be considered as void while on the record, for which reason the plaintiff should have moved the court to strike it out.

While its filing was not strictly correct without leave after the expiration of the time allowed, as the default of the defendant had not been noted the filing of the answer was not a nullity.

For the foregoing reasons the judgment appealed from must be affirmed.

Mr. Justice Wolf concurred.