[No. 6275.]

CARMELITA STEINBURG *v.* A. J. MEANY, SHERIFF.

LEGITIMATE CROSS-EXAMINATION.—A witness having testified that he managed certain property as the agent of the plaintiff, his wife—the property having been attached at the suit of Newman, as the property of the witness—was asked on cross-examination: "What was the understanding between yourself and Newman relative to attaching these cattle, just previous to the commencement of the attachment suit?" *Held*, that the question was legitimate cross-examination.

HUSBAND WITNESS AGAINST WIFE.—A party, by the examination of her husband as a witness on her behalf, waives her objection to his examination by the opposite party upon any of the issues in the action.

APPEAL from the District Court of the Thirteenth Judicial District, County of Merced.

Replevin by Carmelita Steinburg, wife of George Steinburg, against A. J. Meany, Sheriff of Merced County, to recover some fifty head of cattle or their value, claimed to be the separate property of plaintiff, and alleged to have been wrongfully taken from her by the defendant. Defendant justified under a writ of attachment in the cause of *S. Newman* v. *George Steinburg,* the husband of the plaintiff, to recover three thousand dollars on promissory notes, and wherein the cattle, the subject-matter of the present action, were levied upon as the property of George Steinburg. The other facts are stated in the opinion of the Court.

Plaintiff had judgment, and defendant appealed.

*Hewell & Turner* and *L. Quint,* for Appellant.

*P. B. King* and *L. Hamilton,* for Respondent.

By the Court, RHODES, J. :

The property in controversy had been attached by the Sheriff under a writ issued in an action brought by Newman against George Steinburg, the husband of the plaintiff; and the property is claimed by the plaintiff as her separate property. George Steinburg was called as a witness for the plaintiff, and testified that he managed the property as the agent of his wife. On cross-examination the witness was asked: " What was the understanding between yourself and Newman relative to attaching these cattle just prior to the commencement of the attachment suit ? " But the question was objected to on the ground that it was not legitimate cross-examination, and the objection was sustained. The defendant then proposed to make him his own witness, and repeated the question, but the plaintiff objected to his answering the question, on the ground that the witness, being the husband of the plaintiff, could not be examined as a witness in the case without her consent, and the Court sustained the objection.

The question proposed was legitimate cross-examination, in view of the testimony already given by the witness, either to show that he was not acting as the agent of the plaintiff in the management of the property, or to lay the foundation for his impeachment.

The defendant was also entitled to examine the witness as his own witness. The first subdivision of sec. 1881 of the Code of Civil Procedure provides that "a husband cannot be examined for or against his wife without her consent; nor a wife for or against her husband without his consent." The plaintiff called and examined George Steinburg, her husband, as a witness, and on his examination he gave testimony in her behalf, which was both relevant and material to the issues involved in the action. The examination by her is to be deemed and taken as a consent on her part to his examination by the opposite party, in respect to any of the issues in the action.

Judgment and order reversed, and cause remanded for a new trial.