[No. 14173.   Department Two. — July 16, 1891.]

T. L. ACOCK, APPELLANT, *v.* NELLIE T. HALSEY
ET AL., RESPONDENTS.

REPLEVIN — ANSWER SEEKING AFFIRMATIVE RELIEF — VOID DISMISSAL. —
In an action of replevin in which the property has been delivered to
the plaintiff, an answer praying for the return of the property, or the
value thereof in case a return cannot be had, and for damages and costs,
seeks affirmative relief, and a judgment of dismissal by the plaintiff, en-
tered by the clerk after such answer is filed, is void, although an order of
dismissal had been entered upon the register of actions before the filing
of the answer.

DISMISSAL OF ACTION — JUDGMENT AND ORDER UPON REGISTER. — An action
   is not dismissed until the judgment of dismissal is entered by the clerk;
   and an order entered in the register of actions by the clerk, that the ac-
   tion is dismissed by order of the plaintiff, is not a dismissal of the action.
ID. — FILING OF ANSWER AFTER EXPIRATION OF TIME — AFFIRMATIVE RE-
   LIEF — VOID DISMISSAL. — The fact that an answer is not filed until
   after the expiration of the time for answering does not render the filing a
   nullity, and where the answer seeks affirmative relief, a judgment of
   dismissal of the action by the plaintiff is void.
JUDGMENT, MOTION TO VACATE — NOTICE — CONTESTED MOTION. — It can-
   not be objected that no written notice of a motion to vacate a judgment
   was given, if counsel for each of the parties were present at the hearing
   of the motion, and contested the same.

APPEAL from an order of the Superior Court of Sacra-
mento County setting aside a judgment.

The facts are stated in the opinion of the court.

*Johnson, Johnson & Johnson,* for Appellant.

No written notice of the motion to set aside the judg-
ment was ever given, and the order should be re-
versed. (Code Civ. Proc., secs. 1005, 1010.) The entry
in the register by the clerk was sufficient to operate as a
dismissal. (See *McLeran* v. *McNamara,* 55 Cal. 508.)
The answer does not seek affirmative relief, and therefore
the judgment was proper. (*Pico* v. *Pico,* 56 Cal. 453;
Code Civ. Proc., sec. 581, subd. 1.) At most, the judg-
ment was only irregular, and the defendant should have
appealed. (See *Higgins* v. *Mahoney,* 50 Cal. 444; Code
Civ. Proc., sec. 939.)

*A. L. Hart,* for Respondents.

The appellant having appeared at the hearing of
the motion to set aside the judgment, and contested
the same, and it not appearing from the record that his
appearance was special, or that any objection to the hear-
ing of the motion was made, he waived written notice
thereof. (*McLeran* v. *Shartzer,* 5 Cal. 70; *Reynolds* v.
*Harris,* 14 Cal. 667; 76 Am. Dec. 459.) When the plain-
tiff abandoned his suit, the defendant was at once enti-

tled to a judgment for the return of the property, or in case it could not be returned, for its value and damages. (*Waldman* v. *Broder*, 10 Cal. 380; *Kneebone* v. *Kneebone*, 83 Cal. 645.) A mere entry in the register of actions cannot operate as a dismissal. Until the judgment is entered, the action is not dismissed. (Code Civ. Proc., secs. 581, 668; *Page* v. *Superior Court*, 76 Cal. 372; *Page* v. *Page*, 77 Cal. 83.) Up to the time of the final dismissal of the case, the defendants had an absolute right to answer, and when the answer was filed and affirmative relief was asked for, the power of the plaintiff to dismiss the action ceased. (Code Civ. Proc., sec. 581.) The clerk, in entering a judgment, acts ministerially. (*Leese* v. *Clark*, 28 Cal. 26; *Gray* v. *Palmer*, 28 Cal. 416; *Wallace* v. *Eldredge*, 27 Cal. 495; *Willson* v. *Cleaveland*, 30 Cal. 192; *Genella* v. *Relyea*, 32 Cal. 159; *Kelly* v. *Van Austin*, 17 Cal. 564; *Stearns* v. *Aguirre*, 7 Cal. 443.) The action of the clerk being purely ministerial, it may be corrected either by the lower or the appellate court, although no motion be made for that purpose. (*Bond* v. *Pacheco*, 30 Cal. 530; *Tryon* v. *Sutton*, 13 Cal. 490; *Browner* v. *Davis*, 15 Cal. 12; *Lowber* v. *Mayor etc.*, 15 How. Pr. 123; *Baldwin* v. *Mayor etc.*, 42 Barb. 549; *Chappel* v. *Chappel*, 12 N. Y. 222; 64 Am. Dec. 496; *Lowber* v. *Mayor*, 5 Abb. Pr. 226, 227; *McArthur* v. *Dane*, 61 Ala. 539.) The order in this case should be so modified as to direct the court below to enter judgment in favor of the defendants for the return of the property. (*Kneebone* v. *Kneebone*, 83 Cal. 645; *Waldman* v. *Broder*, 10 Cal. 380.)

SHARPSTEIN, J. — This appeal is by the plaintiff from an order setting aside a judgment of dismissal of the above-entitled action on motion of defendants. The record before us discloses the following facts: The action, which is for the recovery of the possession of personal property, was commenced on the twenty-second day of August, 1889, at which time the plaintiff gave an under-

taking for the delivery to him of the property described in the complaint, and thereupon said property was upon proper process taken by the sheriff from the defendants by said plaintiff. On the fourth day of September, 1889, and after the defendants had given an undertaking for the redelivery of said property to them, the plaintiff, without redelivering said property to them, caused to be made by the clerk of the court in which said action was pending the following entry in the register of actions: —

"Dismissed by order of plaintiff's attorneys this fourth day of September, 1889.

"Attest:                    Wm. B. Hamilton, Clerk."

On the tenth day of September, 1889, defendants filed an answer to said complaint, and at the same time a notice of motion to have said order of dismissal set aside and to reinstate said cause upon the records of the court, and for permission to file an answer. On the twenty-first day of September, 1889, said motion was heard by the court, and an order, of which the following is a copy, made: —

" Motion to set aside dismissal.

"T. L. Acock, Plaintiff, *v.* Nellie T. Halsey et al., Defendants.

"Matter coming on for hearing, Johnson & Johnson appearing for plaintiff, and A. L. Hart for defendants. Matter argued and submitted, and motion denied."

Thereafter, on the twenty-fifth day of April, 1890, against the objection of plaintiff, said cause was, at the instance of defendants, set for trial on the 12th of June, 1890. Thereupon, on said 25th of April, plaintiff, without leave of the court, or notice to opposing counsel, procured to be entered by the clerk of said court a judgment of dismissal. On the twelfth day of June, 1890, the day on which said action had been set for trial, said judgment was first brought to the attention of defendants' counsel and the court. Whereupon, both parties being present

by counsel, defendants' counsel, without notice, moved the court to set aside and vacate said judgment as being void, and as having been entered by the clerk without authority of law, after the filing of defendants' answer; and on the twenty-ninth day of August, 1890, the court made an order vacating and setting aside said judgment, to which said order plaintiff then and there excepted, and from which this appeal is taken.

If the judgment of dismissal was void, the court, on having its attention called to it, could summarily or otherwise vacate it. "An action may be dismissed, or a judgment of nonsuit entered, . . . . by the plaintiff himself, at any time before trial, upon payments of costs; provided, a counterclaim has not been made, or affirmative relief sought by the cross-complaint of defendant."

It appears by the record that before and at the time of the entry of the judgment of dismissal in this case, there was an answer of the defendants on file, in which the defendants, among other things, prayed "for the return and redelivery of said property to defendants, if a delivery thereof can be had; or in case a delivery thereof cannot be had, then for the value of said property in the sum of $500; for damages in the sum of $150; for defendants' costs in this action."

We think the defendants, by their answer, clearly seek affirmative relief. But the answer, although filed before the entry of the judgment of dismissal, was not filed until after the entry in the register of actions that the action was "dismissed by order of plaintiff's attorneys."

When was the action dismissed? This question is answered in *Page* v. *Superior Court,* 76 Cal. 372, in which it is held that an action which is directed to be dismissed by the plaintiff, in the register of actions, is not dismissed until the judgment is entered. Therefore, the action in this case was not dismissed until after the answer of defendants, in which they sought affirmative relief, was filed. But the answer was not filed until after the expi-

ration of the time within which the code provides that an answer may be filed. But it could not be disregarded, or treated as a nullity, so long as it remained on file. The plaintiff's remedy was a motion to strike it from the files. "It was, perhaps, not strictly regular to file the answer after the time for answering had expired, without leave of the court; but as the default of the defendant had not been entered, we think the filing was not a nullity." (*Bowers v. Dickerson*, 18 Cal. 420.)

Appellant's counsel contends that no notice in writing of the motion to vacate said judgment was given. It does not appear that any such notice was given; but it appears that appellant's counsel were present at the hearing of the motion, and contested the same, which was a waiver of written notice. The object of giving the notice was fully accomplished without giving it. (*McLeran v. Shartzer*, 5 Cal. 70; *Reynolds v. Harris*, 14 Cal. 667; 76 Am. Dec. 459.)

Order affirmed.

DE HAVEN, J., and McFARLAND, J., concurred.