[Civ. No. 2859. Second Appellate District, Division Two.—February 15, 1919.]

## CARL A. WALBERG, etc., Appellant, v. CHARLES D. UNDERWOOD, Respondent; ROBERT A. BROWN et al., Defendants.

TEMPORARY INJUNCTION — APPEARANCE OF DEFENDANT BY ATTORNEY — ORDER DISSOLVING ERRONEOUS.—An order dissolving a temporary injunction, made by a judge in chambers, on the ground that it was made without notice, was erroneous when an attorney who afterward appeared for the defendant of record was in court at the time the application was made and asked for and was granted an opportunity to be heard in opposition, and was thereafter present and participated in the discussion and made no objection to the hearing or want of notice, or any request for a further continuance.

ID.—WAIVER OF NOTICE—JURISDICTION.—Such appearance and participation in the hearing waived the statutory notice and gave the judge in chambers jurisdiction to act in the premises.

ID.—APPEARANCE AS NOTICE.—Where both parties appear, no notice is necessary.

ID.—WAIVER OF PROOF OF NOTICE.—Proof of waiver of notice should be evidenced by some act or acquiescence of the party in open court, but parties who permit a fact to be proved by incompetent evidence without objection waive all questions of inadmissibility.

ID.—REMEDY OF AGGRIEVED PARTY.—The judge having acquired jurisdiction by the appearance of the defendant to make the order granting the temporary injunction, the remedy of the defendant, if aggrieved thereby, was an appeal from the order.

APPEAL from an order of the Superior Court of Kern County. M. T. Farmer, Judge. Reversed.

The facts are stated in the opinion of the court.

Charles J. Kelly for Appellant.

Stahl & Sayles, Boyce R. Fitzgerald, Kaye & Siemon and Erwin W. Owen for Respondent.

SLOANE, J.—Appeal from an order dissolving a temporary injunction. The plaintiff, it is claimed, without giving notice as required by section 527 of the Code of Civil Procedure, obtained an injunction *pendente lite* staying the execution of a judgment in favor of defendant. The injunction was granted by the judge in chambers. The record discloses that the defendant Underwood was represented by attorney at the hearing of the application. The order appealed from, dissolving this injunction, was granted without a hearing on the merits, on the alleged ground that the original order granting ·the injunction was made without notice.

Two points of law are involved in this appeal: First: Was the appearance made by defendant's attorney such as to constitute a waiver of the statutory notice? Second: Had the court jurisdiction to dissolve the temporary injunction without a hearing on the merits? It appears from the bill of exceptions that Mr. Kelly, attorney for plaintiff and appellant here, appeared in court before Honorable Howard A. Peairs, one of the judges of the superior court for the county of Kern, where the matter was pending, and asked for this temporary injunction. Mr. Fitzgerald, an attorney, and who afterward appears as attorney of record for the defendant and respondent, was in court at the time, and stated that he desired to be heard in opposition to the application. The hearing was thereupon postponed to a later hour, at which time plaintiff's attorney and Mr. Fitzgerald, who was present on behalf of the defendant and respondent Underwood, appeared in chambers before Judge Peairs. Mr. Brown, another defendant in the action in which the injunction was sought, was also present in person. The application for an injunction was presented on the verified complaint in the action, and, after discussion, and objection to granting the writ on the part of Mr. Fitzgerald, the exact nature of which is somewhat in dispute, the temporary injunction was granted, and contains the following recital: "On reading the said complaint in said action, duly verified by the oath of Carl A. Walberg, and it satisfactorily appearing to me therefrom that

it is a proper case for an injunction, and that sufficient grounds exist therefor, and the necessary undertaking having been given; It is therefore ordered," etc. The record pertaining to the issuance of the injunction contains no recital of notice of the hearing or of appearance by the defendant. It is also conceded that no previous notice of the proposed application for this injunction had been served on the opposite parties, and that Mr. Fitzgerald was present by virtue of information that the matter was to be presented, which he had received indirectly from some outside source. The application to dissolve this temporary order was heard in court, after due notice, and on affidavits, and the oral testimony of Judge Peairs, before Honorable Milton T. Farmer, another judge of the superior court for Kern County.

Judge Peairs testified, in substance, as follows: "At the time Mr. Kelly made the application to me for a restraining order herein, Mr. Fitzgerald, who is an attorney, and who is here in court, also appeared, and stated that he desired to be heard in opposition to the application on the part of Mr. Kelly; and I arranged to hear the matter at a later hour, and told Mr. Fitzgerald he would be heard at that time if he so desired. At a later hour on the same day, Mr. Kelly and Mr. Fitzgerald appeared before me on the application for the order. The defendant Brown appeared also in person. I asked Mr. Fitzgerald for whom he appeared, and he stated that he appeared in behalf of the defendant Underwood. Mr. Fitzgerald argued in opposition to the granting of any order, and referred to certain allegations in the complaint. No request was made by Mr. Fitzgerald, or anyone else, for further time upon said hearing, and no objection was made by him to having the matter heard at that time; nor was any exception taken thereto. After the order was granted, Mr. Fitzgerald stated that his client could not be protected unless a large bond was given, and was heard by me upon the question of the amount. It was upon the appearance of the defendant Underwood, the adverse party to the application, that the order was granted." This statement of the facts is fully corroborated by the affidavit of Charles J. Kelly, plaintiff's attorney, used on the hearing.

Mr. Fitzgerald testified in rebuttal in effect as follows: "I was present at the time the order was granted, to see that a proper undertaking was fixed. I did not intend to waive

notice of the application, or waive notice at all; my only object was to see that an undertaking in a proper amount was fixed by the court. I do not remember that I told the court that I appeared for the defendant Underwood. I did tell the court that I had represented Mr. Underwood in the action to foreclose the mechanic's lien. I did not read any affidavits to oppose the application for the order. I had not prepared anything to oppose the application. I did not tell Judge Peairs that I appeared for the defendant Underwood. Brown did some talking, and said he would be injured if the execution sale was stopped. I did not appear for the purpose of contesting the application. I had no affidavits. I would say that I told Judge Peairs I appeared only to have the undertaking fixed. That was my intention. I did not make any application to Judge Peairs for a continuance. I did not request that the hearing be delayed. I made no objection to the matter being heard at that time.''

There is no room for question, under this showing of facts, that Mr. Fitzgerald appeared on the occasion of the application for a temporary injunction, and requested an opportunity to be heard thereon; that at the adjourned hearing before the judge in chambers he was present, representing the defendant Underwood in the matter, and that the application for a temporary injunction was there presented on the allegations of the verified complaint; and that he took some part in the discussion, and that he did not object to the hearing, or to want of notice, and made no request for further continuance. He does qualifiedly deny that he said he was appearing for the defendant Underwood, but does not deny that he did appear for him, or that he was authorized so to do, and, in the absence of any showing to the contrary, his authority is, in any event, presumed. (*Hayes* v. *Shattuck,* 21 Cal. 51; *Pacific Pav. Co.* v. *Vizelich,* 141 Cal. 4, [74 Pac. 352].) It may be conceded that the requirement for notice under section 527 of the Code of Civil Procedure is mandatory, but such an appearance and participation in the hearing as shown here was a waiver of the statutory notice, and gave the judge in chambers jurisdiction to act in the premises. Anyone may waive the advantage of a law intended solely for his benefit. (Civ. Code, sec. 3513.) Where the object of a notice was accomplished, it is immaterial whether there was notice or not. When both parties appear, no no-

tice whatever is necessary to be shown. (*McLeran* v. *Shartzer,* 5 Cal. 70, [63 Am. Dec. 84]; *Reynolds* v. *Harris,* 14 Cal. 667, [76 Am. Dec. 459]; *Millard* v. *Hathaway,* 27 Cal. 119; *Shay* v. *Superior Court,* 57 Cal. 541; *Acock* v. *Halsey,* 90 Cal. 215, [27 Pac. 193]; *Mallory* v. *See,* 129 Cal. 356, [61 Pac. 1123].) The decision last cited, and a line of authorities following it, lay down the rule that where written notice is required it would seem to be necessary that if waiver of notice is relied upon, such waiver should be evidenced by some act or acquiescence of the party in open court, or in the proceedings in the case, *appearing from the records, files, or minutes.* No point is raised on this appeal as to the incompetency or inadmissibility of the evidence on the hearing to establish waiver of notice, and the issue was there presented on evidence outside the record, without objection or exception. We do not, therefore, deem it necessary to determine whether the rule above cited is applicable to this case or not. Parties who permit a fact to be proved by incompetent evidence, without objection, waive all question of inadmissibility. This is true even under the statute of frauds, and as to witnesses incompetent to testify. (*Nunez* v. *Morgan,* 77 Cal. 427, [19 Pac. 753]; *McDonald* v. *Mission View Homestead Assn.,* 51 Cal. 210; *Steinburg* v. *Meany,* 53 Cal. 425.)

It is unnecessary to determine what power the court possessed, under the provisions of section 532 of the Code of Civil Procedure, to dissolve or modify an injunction granted without notice, without a hearing on the merits. In this case we have held that notice was waived. An injunction granted on waiver of notice is the same as granted with notice duly served. The provisions of section 532 do not apply. The judge, under the appearance of the defendant, having acquired jurisdiction to make this temporary order of injunction, defendant's remedy, if he was aggrieved thereby, was on appeal from the order. (*Ots* v. *Superior Court,* 10 Cal. App. 168, [101 Pac. 431]; *United Railroads* v. *Superior Court,* 170 Cal. 755, [Ann. Cas. 1916E, 199, 151 Pac. 129].)

The order appealed from is reversed.

Finlayson, P. J., and Thomas, J., concurred.