Manuel Seoane y San Martín, demandante y apelante, *v.*
Fernando J. Cortés, demandado y apelado.

No. 3930.—*Visto:* Noviembre 9, 1926. *Resuelto:* Marzo 25, 1927.

Sentencia—En Rebeldía—Requisitos y Validez—Registro de la Sentencia—
Registro Posterior a la Presentación de la Contestación.—Es nula una
sentencia en rebeldía registrada por un secretario después de presentada la
contestación del demandado aún cuando dicha contestación se haya presen-
tado después del demandante haber solicitado la anotación de rebeldía y el
registro de dicha sentencia.

Resolución de *Miguel A. Muñoz,* J. (San Juan), anulando senten-
cia en rebeldía registrada por el secretario después de presen-
tada la contestación. *Confirmada.*

*Francisco Soto Gras,* abogado del apelante; *O. B. Frazer* y *R. Cas-
tro Fernández,* abogados del apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tri-
bunal.    •

En el presente caso se trata de cobrar la cantidad de
$4,000 de una obligación y sus intereses y habiendo sido
desestimada una excepción opuesta por el demandado con-
tra la demanda no fué presentada en tiempo la contestación
y el demandante solicitó por escrito del secretario de la
corte que anotase la rebeldía del demandado y registrase
sentencia condenatoria por las cantidades reclamadas. Dos
días después, sin estar anotada la rebeldía ni registrada la
sentencia interesada por el demandante, el demandado ra-
dicó su contestación y algún tiempo después el secretario
registró sentencia condenatoria por la rebeldía del deman-
dado. Este entonces solicitó de la corte que anulase esa
sentencia y habiendo sido declarada la nulidad el deman-
dante apeló de esa resolución.

No hay discusión entre las partes respecto a que en este
pleito puede el secretario registrar sentencia en rebeldía
del demandado de acuerdo con el artículo 194, No. 1, del
Código de Enjuiciamiento Civil, pues la controversia entre
ellos es sobre si es nula la sentencia en rebeldía registrada
por el secretario después de haber sido presentada la con-

testación del demandado y cuando el demandante había solicitado la sentencia en rebeldía.

Para que el secretario pueda registrar sentencia en rebeldía de acuerdo con el artículo antes citado es requisito indispensable que no exista una contestación del demandado; y como éste la había presentado cuando el secretario registró la sentencia en rebeldía hay que llegar a la conclusión de que dicha sentencia es nula, aunque la contestación fué presentada después que el demandante había solicitado la anotación de rebeldía y el registro de sentencia condenatoria, pues lo importante y decisivo no es, como alega el apelante, la presentación por el demandante del escrito solicitando la anotación de rebeldía y el registro de la sentencia sino el acto del secretario de hacer tal anotación y registro.

El caso de *Acock* v. *Halsey*, 90 Cal. 218, tiene bastante analogía con el presente, pues habiendo anotado el secretario en los autos que el demandante desistía de su acción fué presentada después la contestación del demandado y más tarde fué registrada por el secretario la sentencia de desistimiento de la acción; y habiendo anulado la corte el fallo de desistimiento y siendo apelada esa resolución fué confirmada, porque una acción no está desistida hasta que se registra el fallo en tal sentido y porque la acción fué desistida después de haber sido presentada dicha contestación que solicitaba un remedio afirmativo, la que, aunque presentada después del tiempo concedido por la ley, no podía ser considerada como una nulidad mientras permaneciera en los autos, por lo cual el demandante debió solicitar de la corte que la eliminase, pues aunque tal vez no era estrictamente regular su presentación después de vencido el término para radicarla sin permiso, como la rebeldía del demandado no había sido registrada, la radicación de la contestación no era una nulidad.

*Por lo expuesto la sentencia apelada debe ser confirmada.*

El Juez Asociado Sr. Wolf firmó conforme con la sentencia.