[Civ. No. 19. Fourth Appellate District.—October 29, 1929.]

HAMMOND LUMBER COMPANY (a Corporation), Appellant, v. LEON E. BLOODGOOD et al., Defendants; D. W. LEWIS, Respondent.

Leroy B. Lorenz for Appellant.

C. W. Benshoof for Respondent.

MARKS, J.—On April 16, 1927, appellant filed its action against defendants, seeking to foreclose a materialman's lien. Respondent was named as contractor and personal judgment was sought against him. The summons is not in the record, but respondent admits personal service in the county of Riverside. On October 21, 1927, the default of respondent was entered, and on December 3, 1927, a default judgment was rendered and entered against him. No judgment was taken foreclosing the lien. ■ On December 8, 1927, respondent served and filed his notice of motion to set aside the judgment, on the grounds of mistake, inadvertence and excusable neglect. Attached to the notice of motion were respondent's affidavit and his verified answer. At the time the motion was argued counsel for both appellant and respondent were present and submitted additional affidavits to the trial court. On January 19, 1928, the court below granted respondent's motion, using the following language in so doing: "It is ordered that the motion of defendant, D. W. Lewis, and the proceedings subsequent be and the same is hereby granted and such default is hereby set aside and all proceedings subsequent thereto."

The notice of motion specified a motion to set aside "the judgment by default against said .defendant and all subsequent proceedings thereof." Nothing therein contained informed appellant of a motion to vacate the default of respondent. In the affidavit attached to the notice of motion there is the following: "This defendant asks that his default be set aside and that he be permitted to answer and have said action tried upon its merits."

Appellant complains of the order made because it went beyond the terms of the notice of motion and vacated the default of the respondent in addition to granting the relief specified. The form of the motion made by respondent does not appear in the record. We are therefore justified in assuming that it covered all of the relief granted by the court. The record does not show any objection by appellant in the trial court to the form of the motion or to the extent of the relief granted. He makes his objection for the first time here.

■ It is the well-settled law of this state that where both parties appear and contest a motion, without objection

in the trial court, such appearance is a waiver of a written notice, if none were given, or of the defect in the notice to specify all of the relief asked and given, if the motion and order went beyond the terms of the notice. (*Acock* v. *Halsey et al.*, 90 Cal. 215 [27 Pac. 193]; *Curtin* v. *Dunne*, 10 Cal. App. 586 [102 Pac. 825]; *Walberg* v. *Underwood*, 39 Cal. App. 748 [180 Pac. 55]; *Brown* v. *Superior Court*, 65 Cal. App. 147 [223 Pac. 426].)

▉ Appellant further contends that the granting of respondent's motion to vacate and set aside his default and the judgment against him was an abuse of discretion on the part of the court below.

Attached to respondent's notice of motion was a verified answer and his affidavit. The answer controverted all of the material allegations of the complaint and, if true, would constitute a complete defense to the action. The affidavit set forth what respondent claimed to be excusable neglect on his part, based on the following facts: That appellant maintained a branch in the city of Riverside, managed by C. A. Pontius, who sold the materials described in the complaint to Leon E. Bloodgood and Gertrude L. Bloodgood, owners of the property described in the lien and complaint; that shortly after the summons was served on respondent he talked with Pontius and denied all liability to appellant; that Pontius then told respondent that the sole purpose of the action was to foreclose a mechanic's lien on the property described in the complaint; that respondent relied upon such statement and concluded and believed that no personal judgment would be asked or rendered against him; that relying upon such statement he did not appear in the action; that he first learned of the judgment against him on December 7, 1927; that he immediately consulted an attorney and instituted the proceedings to vacate the judgment on December 8, 1927. Counter-affidavits were filed on behalf of appellant and an additional affidavit by the respondent which were before the court at the time of the hearing of respondent's motion. Among the affidavits filed by appellant was one by C. A. Pontius, in which he denied having the alleged conversation with respondent set forth in his affidavit. This, at best, created a conflict of evidence which was decided in respondent's favor by the

trial judge. The averments in the other affidavits were too general to be material to the issue.

The question to be answered on this appeal is whether or not the affidavit of respondent contained the statement of any material facts which would justify the order of the court below. It is possible, and perhaps probable, that the statement credited by respondent to Pontius to the effect that the action was instituted for the sole purpose of foreclosing a mechanic's lien upon the property described in the complaint, might, and probably did, lull respondent into a sense of false security under the belief that the property would be sold to satisfy the judgment foreclosing the lien. The prompt action taken by him upon learning of the judgment, together with the specific denials and allegations of his answer would lend color to this belief.

In cases of this kind the courts are more quick to listen to a motion that will give a litigant his day in court than to one that will deprive him of his defense. In this case the only injury that could result to appellant from the granting of the motion would be the delay incident to a trial, assuming that it had a good cause of action; a delay that in all probability would have been less than the time consumed in this appeal.

The courts have repeatedly held that a motion to vacate a default and a default judgment is addressed to the sound discretion of the trial court and will not be set aside except in a clear case of the abuse of such discretion. All presumptions must be resolved in favor of the court's action in setting aside such default and default judgment. (*Fink & Schindler Co.* v. *Gavros,* 72 Cal. App. 688 [237 Pac. 1083]; *Moore* v. *Thompson,* 138 Cal. 23 [70 Pac. 930]; *Craig* v. *San Bernardino Investment Co.,* 101 Cal. 124 [35 Pac. 558]; *Brasher* v. *White,* 53 Cal. App. 545 [200 Pac. 657].) We cannot say that there was an abuse of discretion on the part of the trial court in granting respondent's motion.

Order appealed from is affirmed.

Sloane, P. J., and Barnard, J., concurred.