[Civ. No. 2534. Fourth Appellate District.—April 24, 1940.]

OCEAN ACCIDENT & GUARANTEE CORPORATION, LTD. (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and J. WARREN LITTLE, Respondents.

R. P. Wisecarver for Petitioner.

Everett A. Corten for Respondents.

MARKS, J.—This is an original proceeding to review an award of the Industrial Accident Commission made on October 16, 1939, giving J. Warren Little medical treatment and

disability indemnity of $19.24 per week for an injury found to have been suffered by him on February 3, 1939, while employed by A. Matthews who conducted his business under the name of City Pharmacy.

Petitioner urges the following grounds for annulment of the award: (1) The evidence is insufficient to support the commission's finding that Little suffered any compensable injury on February 3, 1939; (2) petitioner suffered prejudice because of the commission separating the original claim into separate claims for separate injuries and in failing to give petitioner any notice of a claim "filed June 15, 1939, as of June 5, 1939".

The hearing before the commission was held on June 5, 1939. Petitioner was represented by counsel. The evidence consisted of the testimony of Little and a letter written to petitioner by Dr. F. L. R. Burks on February 10, 1939, who, at the request of petitioner, had examined Little on that day.

Little testified that in January, 1938, while working in the City Pharmacy he hit his left knee on a drawer pull; that his knee hurt him for ten or fifteen minutes; that a short time later his knee "started popping"; that he consulted a physician who prescribed wearing an "ace bandage" which he did for about four months; that there was no pain in the knee but that it continued popping and there was a "slight catch" in it a couple of times; that it did not lock until February 3, 1939; that on that date while Little was stooping over the knee locked for the first time; that it locked on other occasions after that date; that he lost no time from his employment because of the injury.

We quote the following from the letter of Dr. Burks:

"About two weeks ago he squatted down and there was a popping in the knee, the knee locked and he could not straighten up. After a little manipulation he was able to straighten the leg. The knee was locked on two occasions. . . . Left Knee. There is no swelling or discoloration. Extension is normal. Flexion is normal. There is no lateral or anterior-posterior preternatural mobility. When pressure is made over the internal semilunar or cartilage he complains of some slight discomfort. When the patient is in a squatting position with weight bearing there is a loud popping sound in the left knee. This is greatly accentuated as he balances

himself and increases and decreases the flexion of the knee in a squatting position. This popping is accompanied by a definite vibration within the knee joint. No such condition exists in the right knee. . . . This man evidently received an injury to the internal semilunar cartilage. However, the clinical picture at the time of the original injury is not altogether diagnostic. There seemed to be no swelling or discoloration at that time. The mechanics of the injury was not typical of the mechanics which produces an injury to the internal semilunar. The fact that the knee locks, and the popping sound, is typical of an internal semilunar which has become loosened and rolls under the articulating surface of the femur. A loose joint body would cause the same symptoms and findings. He states definitely that the knee was normal before the alleged injury. It seems that it will be necessary to surgically explore this joint, and most likely we will find a loosened cartilage.''

Upon the foregoing evidence the commission found that Little had suffered a compensable injury on February 3, 1939, and made the award we have mentioned.

All parties admit that Little suffered a compensable injury in January, 1938. Petitioner maintains that there was no new injury on February 3, 1939, but that the locking of the knee on that date was merely the proximate and natural result of the accident of the year before. On the other hand, the commission argues that the slipping of the loose cartilage for the first time, causing the knee to lock, was a new and compensable injury under the provisions of division IV of the Labor Code.

The rules governing a case involving a first injury and an aggravation of it at a later date are thus announced in *Head Drilling Co.* v. *Industrial Acc. Com.*, 177 Cal. 194 [170 Pac. 157] :

''It is earnestly argued that there is no support in the evidence for this finding, in so far as it establishes that the separation of the broken portions of the fibula was not due to any independent intervening cause, but was in fact a proximate and natural result of the original injury. . . . We are of the opinion that a subsequent incident or accident aggravating the original injury may be of such a nature, and occur under such circumstances, as to make such aggravation the proximate and natural result of the original injury. Whether

the subsequent incident or accident is such, or should be regarded as an independent, intervening cause is a question of fact for the commission, to be decided in view of all of the circumstances, and its conclusion must be sustained by the courts whenever there is any reasonable theory evidenced by the record on which the conclusion can be upheld.''

*Massachusetts Bonding & Insurance Co.* v. *Industrial Acc. Com.*, 36 Cal. App. (2d) 96 [96 Pac. (2d) 1009], and *Limited Mutual Compensation Ins. Co.* v. *Industrial Acc. Com.*, 37 Cal. App. (2d) 50 [98 Pac. (2d) 827], also involved recurrent or aggravated injuries, the latter an injury to the knee. It was there held, on evidence of no greater strength than we have before us, that whether the final disability was the natural and proximate result of a first injury or an aggravation of it caused by a second incident so as to constitute a second compensable injury, was a question of fact to be finally settled by the commission.

Under the three authorities cited we have concluded that the inferences drawn by the commission from the meager evidence before it are not so unreasonable that they may be set aside here.

██ On the record furnished us by the commission there can be little merit in the second contention of petitioner. In this connection it should be observed that the copy, in the petition before us, of the first application for adjustment filed by Little on April 26, 1939, does not correspond to the copy of the same document in the return of the commission, the correctness of which is certified to by the secretary of the commission. We must accept as correct the certified copy of the application in the return of the commission. We presume that the differences in the two applications are explained by the reference to an amendment of the application referred to in the minutes of the hearing from which we will quote.

██ The first application filed was given claim number 63754 and, according to the return of the commission, sought compensation for an injury suffered on February 3, 1939. It referred to the letter written by Dr. Burks, from which we have already quoted, for a description of the injury. A second application bearing claim number 64620 was ''filed June 15, 1939, as of June 5, 1939''. The award under re-

view here was made under the first application. An award was denied under the second application on the ground that the claim was barred by the statute of limitations.

The hearing was held on June 5, 1939, at which time petitioner was represented by counsel. The record shows that the following occurred at that hearing:

"It is admitted:

"1. That J. Warren Little, age 26, was employed as a Pharmacist during January, 1938 (Claim No. 64620), and on February 3rd, 1939 (Claim No. 63754), at Hanford, California, by the City Pharmacy, whose insurance carrier was Ocean Accident & Guarantee Corporation, Ltd. . . .

"IT IS ORDERED that the application (Claim No. 63754) filed April 26, 1939, be amended to show the date of injury as 2–3–39.

"IT IS ORDERED that Claim No. 64620 and Claim No. 63754 be consolidated for the purpose of hearing the evidence."

It was within the power of the commission to permit the amendment of the application, claim number 63754. Petitioner did not object to that amendment and may not now be heard to claim error because of it for the first time here. ▉ Petitioner raised no question as to the sufficiency of its notice of the hearing on June 5, 1939. It participated in the hearing without objection and its counsel cross-examined Little. Petitioner must be held to have waived the defects, if any, in the notices given to it. (*Hammond Lumber Co.* v. *Bloodgood,* 101 Cal. App. 561 [281 Pac. 1101].)

▉ If we understand the arguments correctly, petitioner urges prejudice because no notice of the filing of claim number 64620 (injury of January, 1938) was given to it. We may assume the soundness of all of petitioner's arguments on this question and still have no ground to annul the award. The commission found against Little on this claim and made no award against petitioner under this application. Therefore petitioner was not prejudiced by any erroneous ruling, or lack of notice, if any, in connection with this claim.

The award is affirmed.

Barnard, P. J., and Griffin, J., concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 20, 1940. Curtis, J., and Edmonds, J., voted for a hearing.