[Civ. No. 3252.   Fourth Dist.   Jan. 21, 1944.]

GRACE M. MARSTON, Appellant, v. C. M. ROOD, Respondent.

L. King Caruthers and Harold A. McCabe for Appellant.

Cree & Brooks and Mize, Kroese & Larsh for Respondent.

MARKS, J.—This is an appeal from an order vacating a judgment.   The judgment was rendered by consent.   It was

dated March 20, 1942, filed March 23, 1942, and entered March 24, 1942. It decreed that "pursuant to said confession of judgment and stipulation, that a TRUST be declared upon the diamonds described in the complaint, to-wit, the ten (10) and six (6) carat diamonds; that the defendant C. M. Rood be declared Trustee. . . ."

On September 12, 1942, defendant filed a notice of motion to relieve him from the judgment entered and to enter a judgment in its stead, a copy of which was attached to the notice of motion. This proposed judgment differed from the judgment entered by substituting the following for the portion already quoted: "pursuant to said confession of judgment and stipulation, that a TRUST be declared upon the diamonds pledged to Defendant C. M. Rood by the Plaintiff Grace M. Marston; that the defendant C. M. Rood be declared Trustee. . . ."

The notice of motion specified that the motion would be made on the grounds of inadvertence, surprise, and excusable neglect. Supporting affidavits were filed with the notice of motion.

The record shows that the motion was made and argued on September 18, 1942, and that further hearings were had and various affidavits submitted and oral evidence taken on September 25, 1942, and on January 28, February 11, February 13, March 4, and March 12, 1943, when the trial court made an order vacating and setting aside the prior judgment without ordering its modification or the entry of the proposed judgment which was merely a modification of the judgment entered.

The motion was evidently made under the provisions of section 473 of the Code of Civil Procedure. The notice of motion was given and the motion was actually made and argued within the six months' limitation provided in that section although it was not decided until several months thereafter.

The notice of motion having been served and filed, and the motion having been made within the six months' period prescribed in section 473 of the Code of Civil Procedure, the trial court retained jurisdiction to consider and pass on this motion after the expiration of that time. It has been held sufficient if the proceeding has been called to the court's attention within such time. (*In re Yoder,* 199 Cal. 699 [251 P. 205]; *Estate of Grivel,* 208 Cal. 77 [280 P. 122];

*Roseborough* v. *Campbell*, 46 Cal.App.2d 257 [115 P.2d 839].)

Plaintiff was the owner of two diamond rings one of which was pledged to secure a debt owed to a company in Albany, New York, and the other to a company in Long Beach, California. She negotiated with defendant for a loan to redeem the diamonds and the ring in Albany was sent to Long Beach for his inspection. He made the loan and she pledged the diamonds as security. She made default and he took proceedings to foreclose the pledge. Plaintiff then instituted this action against him stating two causes of action. The first sought to have a trust in her favor declared on the diamonds, the second sought to recover damages. When the case came on for trial plaintiff abandoned her second cause of action and defendant announced there were no further issues left to try as all he wanted was his money or the diamonds sold to pay the debt. The parties then stipulated that judgment be entered; that defendant hold the diamonds in trust to secure the debt of $3,422.08, plus interest to accrue; that the diamonds be delivered to a third party for sale; that if defendant be not paid $3,422.08 within 180 days from February 24, 1942, the diamonds would be redelivered to him; that he would become their owner free of any claim of plaintiff and her debt to him would be cancelled. Other portions of the stipulation are not important here. Judgment was entered on the stipulation containing the description of the diamonds already quoted.

Two diamonds were delivered to Taylor Jacobsen, a jeweler selected by the court to effect their sale. On March 31, 1942, counsel for plaintiff served by mail on counsel for defendant a notice that the diamonds delivered to Mr. Jacobsen were not the diamonds pledged to defendant.

In July, 1942, plaintiff instituted an action against defendant based on the alleged substitution of the diamonds delivered to Mr. Jacobsen for those pledged to him by plaintiff. Defendant was sick when he was served with process and did not recover for a considerable time. His default was entered and his counsel did not learn of its entry until too late to move to set it aside under the provisions of section 473 of the Code of Civil Procedure. The action for damages was based on the judgment rendered in this case and the description of the diamonds it contained. The diamonds delivered to Mr. Jacobsen were of inferior grade and one

weighed between seven and eight carats and the other between five and six carats instead of ten and six carats as described in the judgment.

The evidence produced at the various hearings both in the form of affidavits and through witnesses is irreconcilably conflicting. Plaintiff maintained that the diamonds she pledged to defendant were of good quality and weighed ten and six carats respectively while defendant maintained that the diamonds delivered to Mr. Jacobsen were the stones pledged to him. There is no dispute about the weights and quality of the diamonds delivered to Mr. Jacobsen. They were of inferior quality, smaller and of much less value than those which plaintiff claims were pledged to defendant.

Defendant found himself in the unfortunate position, if he was innocent of a substitution of the stones, of being confronted with a final judgment requiring him to deliver to Mr. Jacobsen diamonds much larger and more valuable than those he claimed to have received, and with an action for damages for failure to deliver those larger and more valuable stones pending against him, with his right to defend cut off by his default based on service when he was sick. The trial judge evidently concluded that under the very unusual facts presented here the question of the substitution of the diamonds should be tried on its merits in the damage action rather than have the judgment in that action based on what might be an entirely incorrect description of the diamonds pledged to defendant as contained in the judgment entered in this action. This conclusion possesses much merit as it may prevent a grave injustice if the position of defendant should be sustained after a trial on the merits.

If the judgment in this action is amended the trial court may require an amended complaint to be served and filed in the damage action, based on the amended judgment in this action, which would permit the defendant to appear and contest the questions presented in the damage action, including the question of the substitution.

Plaintiff argues that the trial court had no power to vacate the judgment; that as it was entered by consent no appeal could have been taken from it and that the court had no right to accomplish indirectly that which could not be accomplished directly. (*People* v. *Hodges*, 205 Cal. 476 [271 P. 897]; *Hunter* v. *Superior Court*, 36 Cal.App.2d 100 [97 P.2d 492].)

■ While this argument is sustained by the authorities it does not completely answer the problem before us. The notice of motion did not specify a motion only to set aside and vacate the original judgment entered but asked for relief from that judgment and the entry of the proposed judgment. The two differed only in the descriptions of the diamonds. The proposed motion was in effect an attempt to modify the judgment entered to make it conform to the judgment intended to be entered and not to vacate and set aside the entire judgment. As the trial court did not simply modify the judgment, but vacated it and set it aside, we may concede that the order went beyond that contemplated by the notice. However, this in itself is not sufficient grounds for vacating the order. (*Hammond Lumber Co.* v. *Bloodgood,* 101 Cal.App. 561 [281 P. 1101].)

During the course of the several hearings the trial judge repeatedly expressed the opinion that one party or the other had been guilty of a fraud; that he did not intend to enter a judgment other than one requiring defendant to deliver to Mr. Jacobsen the diamonds pledged to him by plaintiff. On one occasion he remarked: ''If the Court enters a judgment inadvertently, or assuming that there is no question as to the identity of the subject matter, and it subsequently appears that the reason the judgment is not according to the stipulation is the fact that one party or the other has committed a fraud upon the Court, is the Court powerless to do anything about it?'' At another time the trial judge said: ''Now, of course, the diamonds described by the complaint are two diamond rings, one ten carat and one of six carats, and obviously if there has been an incorrect description in the complaint, then the only thing for which the defendant is liable is the two diamonds that he had that were turned over. It is just as obvious, if he has made a substitution, then he cannot produce the property that was turned over to him unless he has it secreted some place. It is just as obvious, if the plaintiff claims there has been a substitution and there has not, that she is seeking a remedy which she is not entitled to under the law, and the only reason she would be entitled to it would be because of the technical description of property being incorrect, and she was just as bound to know it was incorrect as the defendants, so regardless of how you look at it, somebody is trying to commit a fraud upon this

Court, isn't that true? There isn't any room for an honest difference of opinion, somebody is just lying, that's all."

■ Section 473 of the Code of Civil Procedure is remedial and it has been repeatedly held that it should be construed liberally to promote the ends of justice. In *Stub* v. *Harrison,* 35 Cal.App.2d 685 [96 P.2d 979], it is said: "On appeal from an order granting relief under section 473 of the Code of Civil Procedure all presumptions will be indulged in favor of the correctness of the trial court's action and the burden in all cases is upon the appellant to make it appear that the court's discretion was abused in making the order. (*Callaway* v. *Wolcott,* 90 Cal.App. 753 [266 P. 574].)"

■ While the trial court may not have had the power to entirely vacate the consent judgment in this case, it should have had the power to modify it and make it carry out his intention when rendering it. That is all that defendant had asked in his notice of motion. Such modification would carry out the intention of the trial judge, repeatedly expressed, during the hearings. ■ While we may not have the lawful authority to affirm the order as made, we should have the power to reverse it with instructions to modify the judgment to carry out the intention of the trial judge when rendering it and to promote substantial justice.

The order appealed from is reversed with instructions to the trial court to grant it to the extent of striking from the judgment rendered the following: "Pursuant to said confession of judgment and stipulation, that a TRUST be declared upon the diamonds described in the complaint, to wit, the ten (10) and six (6) carat diamonds; that the defendant C. M. Rood be declared Trustee," and in lieu thereof insert the following: "Pursuant to said confession of judgment and stipulation, that a TRUST be declared upon the diamonds pledged to Defendant C. M. Rood by the Plaintiff Grace M. Marston; that the defendant C. M. Rood be declared Trustee." Neither party will recover costs of appeal.

Barnard, P. J., and Griffin, J., concurred.