[Civ. No. 3522.   Fourth Dist.   Nov. 20, 1946.]

Estate of WILLIAM BRAINARD, Deceased.   LESLIE BRAINARD, Respondent, v. T. S. BRAINARD, as Executor, etc., Appellant.

Claude L. Rowe for Appellant.

F. C. Huebner for Respondent.

MARKS, J.—This is an appeal from a judgment establishing that Leslie Brainard was the grandson and an heir at law of William Brainard, deceased.

The facts are not in dispute. William Brainard was a widower at the time of his death in December, 1944. He was the father of two sons, T. S. Brainard, who survived him, and Frank R. Brainard who predeceased his father. Leslie Brainard was the only child of Frank R. Brainard.

William Brainard died testate. His will left all of his property to his son T. S. Brainard and to Vera Brainard, his daughter-in-law, wife of T. S. Brainard. No mention of Leslie Brainard was made in the will and there is nothing in the document to indicate that such omission was intentional. The evidence is undisputed that no settlement had been made on Leslie nor is it contended that his grandfather had given him any part of his estate. It is therefore clear that Leslie Brainard was a pretermitted heir and entitled to inherit as such. (Prob. Code, § 90.)

The petition to determine heirship was filed on September 21, 1945. The clerk set the petition for October 2, 1945, and caused notices of the time and place of the hearing to be regularly posted. (Prob. Code, § 1191.) There is nothing in the record to affirmatively indicate that any notice of the hearing was mailed to appellant or to his attorney other than the declaration in the judgment that notice of the time and place of the hearing had been given according to law.

The hearing was had on October 2, 1945, with both appellant and respondent appearing in person and by their respective attorneys. No question of the sufficiency of the petition was raised and no objection was made to proceeding with the hearing. There was no request for a continuance. The parties introduced their evidence and on request of the attorney for appellant the respective counsel were given time to file briefs. The decree was dated November 9, 1945, and was filed the next day.

On October 22d counsel for appellant moved to reopen the case. His main purpose was to move to strike out all of the evidence taken at the former hearing on the ground that neither appellant nor his attorney had received written notice of the time and place of the hearing of the petition. The trial judge repeatedly offered to reopen the case to permit the introduction of any evidence on the question of the status of respondent as an heir at law of deceased. The existence of any new evidence was not even suggested and no claim was made that Leslie Brainard was not the grandson of William Brainard and that Frank R. Brainard, the father of Leslie, had not predeceased William Brainard. The motion to reopen the case was denied and judgment in favor of Leslie was entered.

Appellant urges two grounds for a reversal of the judgment. First, he points out that the petition to determine heirship was filed by and in the name of F. C. Huebner who was the attorney in fact of, as well as attorney at law representing Leslie Brainard. Second, he argues that a written notice of the time and place of the hearing of the petition should have been served on his attorney at least ten days before the day of the hearing, relying on section 1200 of the Probate Code. On the 22d day of October, 1945, counsel for appellant testified that no notice of the time and place of the hearing had been received by him through the mail and that none had been served on him although he was served with the petition to determine heirship.

It is true that the petition to determine heirship should have been brought in the name of Leslie Brainard who was the real party in interest instead of in the name of his attorney in fact. (Code Civ. Proc., § 367, and Prob. Code, § 1190.) However, appellant suffered no prejudice from this error. His first exception to the petition on this ground was made in this court. He understood the petition to be that of Leslie Brainard because in his answer he stated that he was "answering the petition of the petitioner Leslie Brainard to determine heirship." The hearing was had on the theory that the petition was that of Leslie. In the petition to probate the will of deceased, signed and verified by appellant and also signed by his attorney, in the part naming the heirs at law of deceased appears, "Leslie Brainard, Grandson, Gen. Del., Pacific Grove, California." All the evidence shows with-

out any contradiction that Leslie Brainard is the only child of Frank R. Brainard who predeceased William Brainard. Therefore, the judgment that Leslie Brainard is an heir at law of deceased is the only one that could have been entered. Another hearing on the petition of Leslie would have the same result. Appellant was not misled and suffered no prejudice from the error and as there has been no miscarriage of justice here, we are prohibited from reversing the judgment because of an error in pleading from which appellant has suffered no injury. (Const., art. VI, § 4½.)

█ Appellant argues that section 1200 of the Probate Code requires that a written notice of the time and place of hearing the petition to determine heirship be served on his attorney at least ten days before the hearing, and as there was no proof of such service in the record the trial court had no jurisdiction to proceed with the hearing.

The first paragraph of section 1200 of the Probate Code requires the county clerk to post notices of various petitions and other matters in probate proceedings including "a petition for determination of heirship." Such notice was posted in this proceeding. (See, also, Prob. Code, § 1191.)

The second paragraph of the section provides that "At least ten days before the time set for the hearing of such petition, account or report, *the petitioner or person filing the account or desiring the confirmation of a report of appraisers* must cause notice thereof to be mailed . . ." to various persons. (Emphasis ours.)

While the language of the section is not as clear as might be desired it should be observed that we have involved here neither an "account" nor "a report of appraisers."

As we have already observed appellant and his attorney appeared and proceeded with the hearing without objection and without raising any question of the sufficiency of the notice of hearing. In *Hammond Lumber Co.* v. *Bloodgood,* 101 Cal.App. 561 [281 P. 1101], it is said:

"It is the well-settled law of this state that where both parties appear and contest a motion, without objection in the trial court, such appearance is a waiver of a written notice, if none were given, or of the defect in the notice to specify all of the relief asked and given, if the motion and order went beyond the terms of the notice. (*Acock* v. *Halsey et al.,* 90 Cal. 215 [27 P. 193]; *Curtin* v. *Dunne,* 10 Cal.App. 586

[102 P. 825] ; *Walberg* v. *Underwood,* 39 Cal.App. 748 [180 P. 55] ; *Brown* v. *Superior Court,* 65 Cal.App. 147 [223 P. 426].)'' (See, also, *Ross* v. *Thirlwall,* 101 Cal.App. 411 [281 P. 714] ; *Ocean Acc. etc. Corp., Ltd.* v. *Industrial Acc. Com.,* 38 Cal.App.2d 601 [101 P.2d 704] ; *Simmons* v. *Simmons,* 45 Cal.App.2d 695 [114 P.2d 659] ; *Marston* v. *Rood,* 62 Cal.App.2d 435 [144 P.2d 863].)

The judgment is affirmed.

Barnard, P. J., concurred.