Filed 11/3/15  Gonzalez v. Oliver CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| MICHAEL I. GONZALEZ, JR., as Trustee, etc.,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARY SUSAN MACK OLIVER et al.<br><br>    Defendants and Appellants. | D066940<br><br><br>(Super. Ct. No. 37-2010-00152411-PR-TR-CTL) |

APPEAL from an order of the Superior Court of San Diego County, Julia Craig Kelety, Judge.  Affirmed as modified.

Van Dyke & Associates, Richard S. Van Dyke and James A. Bush for Defendants and Appellants.

Law Offices of Arthur S. Brown, Arthur S. Brown and Patrick J. Haase for Plaintiff and Respondent.

This appeal arises from a probate court petition filed by trustee Michael I. Gonzalez, Jr. (Gonzalez), seeking instructions concerning a prior court order requiring

him to effectuate the removal of personal property subject to the trust from a residence. After a hearing, the court entered an order (1) requiring Gonzalez to comply with its prior order compelling removal of the personal property; (2) prohibiting Gonzalez's removal as the trustee without court order; and (3) finding that the trustors's two daughters, Mary Susan Mack Oliver and Martha Ann Mack Abbott (collectively, the Daughters), had no interest in the personal property.[1]

The Daughters appeal, contending the court violated their due process rights because its order went beyond the scope of the relief requested in Gonzalez's petition. We agree that, insofar as the order specified that the Daughters lacked any interest in the personal property, it exceeded the scope of the requested relief and therefore modify the order to strike that finding. We affirm the order as so modified.

FACTUAL AND PROCEDURAL SUMMARY

In 1989, trustor Martha Mack[2] created a personal property trust for the tangible personal property located at her home in La Jolla (the Personal Property trust). Martha named herself as the trustee, and Merrill Lynch Trust Company of California (Merrill Lynch) as the successor trustee, of the Personal Property trust.

About eight years later, Martha and her husband Louis Mack created a separate trust for the residence (the Residence trust), and named themselves as trustees. In

---

[1] Although the court's order referred to "the property," it is apparent from all of the circumstances that the finding related only to the personal property, not to the residential property.

[2] To avoid confusion, we will use first names for individuals who share the same last name.

accordance with the terms of the Residence trust, Merrill Lynch at some point became the trustee, although appellant Oliver retained the power to appoint a qualified fiduciary as the successor trustee of that trust under certain circumstances. After Louis died, Oliver removed Merrill Lynch as trustee of the Residence and appointed Elizabeth Del Pozo as the successor trustee and the court later appointed Del Pozo as the special trustee of the Personal Property trust.[3]

After Martha died in 2012, Del Pozo changed the locks on the residence without Oliver's permission; Oliver thereafter removed her as trustee of the Residence trust and appointed Gonzalez, a California licensed professional fiduciary, to act as trustee of the Residence trust. The court later confirmed Gonzalez's authority to act as the special trustee of the tangible property of the Personal Property trust as well and in October 2013, it ordered Gonzalez to remove and turn over to the Daughters the tangible personal property from the La Jolla residence.

The Daughters failed to comply with Gonzalez's repeated requests to remove the personal property they wanted to keep from the La Jolla residence, even after he set a November 10, 2013, deadline for them to do so. Further, when Gonzalez told the Daughters that he planned to change the locks to the house and have a third party clear out any personal property they did not remove by the deadline, Oliver threatened to remove him as the special trustee.

---

[3] Merrill Lynch apparently remained the general trustee of the Personal Property trust. The respective duties of Gonzalez, on one hand, and Merrill Lynch, on the other, relating to the Personal Property trust are not apparent from the record on appeal.

In December 2013, the court ordered Gonzalez to make the real property productive; although Oliver informed Gonzalez that she had arranged for the Salvation Army to do a full-house clean out on January 16, 2014, that did not occur, ostensibly because Oliver was sick. In February 2014, Gonzalez determined that some progress had been made, but much still needed to be done inside and outside the home, and no one was working on the property removal.

In early May 2014, Gonzalez's attorney notified the Daughters' attorney that there appeared to be unanimous agreement to sell the residence and that the court seemed receptive to that idea. He further indicated that "to move forward with the sale of the Mack residence, all of the personal property must be removed" and, to facilitate that, Gonzalez would extend the deadline for removal of all personal property to June 1, 2014, but any personal items remaining thereafter would "likely be discarded."[4] Gonzalez obtained a quote from Ace Hauling to remove and dispose of the remaining personal property at the residence and Merrill Lynch approved the cost of the proposed removal. At the end of May, the Daughters requested postponement of the June deadline because Oliver had a previously scheduled vacation.

In July 2014, Gonzalez filed the current petition seeking to delay removal of the personal property from the residence, and a separate petition to delay the sale of the residence, pending the conclusion of proceedings relating to Martha's estate. In the

---

[4] The remaining personal property appeared to be of little value and an estate sale service advised Gonzalez that it would not be economical to stage and market that property at an estate sale.

4

former petition, Gonzalez informed the court of Oliver's threats to replace him as the special trustee of the Personal Property trust and noted that the Daughters "may" be awarded the residence in proceedings relating to their mother's estate, thereby obviating the need to remove personal property from the residence. Gonzalez requested that the court grant additional time for the personal property to be removed from the home and any other relief that it deemed proper. He served the petition on the Daughters, Merrill Lynch, and the General Charitable Trusts Section of the Attorney General's Office (the Attorney General).

The Attorney General filed a written objection to both petitions, strenuously opposing any further delay in having the personal property removed or the real property sold. The objection noted the Daughters' threats to remove Gonzalez as the special trustee and argued that there was "no reason to delay the sale of the property" further. The Attorney General emphasized:

> "It [has been] more than one year since the Court issued its original order directing the former residence trustee . . . to make the property profitable, and . . . to turn over the personal property to [the Daughters] or to otherwise dispose of it. . . . None of the [three successive residence] trustees have been successful in the basic task of clearing out the personal property and making the property productive. [¶] . . . [¶] It is foreseeable . . . that this matter may proceed for a number of years. To have an abandoned property, with deteriorating buildings, draining funds from the Trust on the unfounded assumption that real estate will continue to appraise [more favorably] is a poor use of the Trust's assets.

> "At this time the residence sits abandoned, uninhabitable, full of personal property that [the Daughters] have failed to dispose of, and that they have prohibited the Residence Trustee from removing. . . . All parties agree that the cost to repair the residence for lease is prohibitive. The current cost of maintaining this abandoned property

> is $64,000 per year. . . . This sum does not include the . . . Trustee fees or the attorney fees incurred in maintaining the Residence Trust. At this time, the residence is a drain on the Trust. The Attorney General respectfully requests that the Court deny the Petitions and order the Residence Trustee to make the property productive."

Merrill Lynch filed a response arguing that if the court denied the petition to delay the sale of the real property, it should also deny the petition relating to the personal property. The Daughters did not file any papers in response to Gonzalez's petition or the Attorney General's or Merrill Lynch's filings.

At the hearing on the petitions, the Daughters, Merrill Lynch, and Gonzalez appeared through counsel.[5] At the conclusion of the hearing, the probate court issued a minute order denying the petition to delay the removal of the personal property, stating in relevant part:

> "1). Pursuant to Probate Code [section] 17206 Mr. Gonzalez may not be removed from either trust without a Court order. 2). [The Daughters] have no interest in the property. 3). The court is ordering Trustee to remove the *personal property* forthwith pursuant to the Court's order of [October 15, 2013] by [November 14, 2014]. 4). Trustee to pay the cost of removal."

The Daughters appeal from that order.

## DISCUSSION

The Daughters do not challenge the court's authority to enter the order or the sufficiency of the evidence to support its determinations. Instead, they contend the order must be reversed because the court violated their due process rights. They maintain the court did not provide them adequate notice or opportunity to be heard on the restrictions

---

5    The hearing was not reported, and there is no information in the appellate record as to the evidence and/or arguments presented at the hearing.

6

placed on their ability to remove Gonzalez as trustee and its finding that they had no interest in the personal property.

An order is void as a matter of law if it is issued in violation of a party's due process rights to notice and an opportunity to be heard. Due process requires that notice be reasonably calculated to actually inform interested parties of the issues to be addressed and the relief requested and to provide them with a reasonable opportunity to be heard. (*Mullane v. Central Hanover Bank and Trust Co.* (1950) 339 U.S. 306, 314-315.) In considering adequacy of notice, the totality of the circumstances should be considered. (See *Estate of Wakefield* (1968) 258 Cal.App.2d 274, 280.)

Because the Daughters did not object or assert a lack of notice or opportunity to be heard in the proceedings below, they arguably waived their right to assert a due process violation claim on appeal. (*Carlton v. Quint* (2000) 77 Cal.App.4th 690, 697; see also *Estate of Brainard* (1946) 76 Cal.App.2d 850, 853; *Hammond Lumber Co. v. Bloodgood* (1929) 101 Cal.App. 561, 563-564.) Even absent waiver, the Daughters have not provided an adequate record from which this court can determine whether their due process rights were violated.

It is a fundamental proposition that a judgment or order is presumed correct on appeal. (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.) It is the appellant's burden to provide an adequate record to assess error. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140-1141.) In the absence of a reporter's transcript of the relevant hearing, we must presume "the trial court acted duly and regularly and received substantial evidence to support its findings." (*Stevens v. Stevens* (1954) 129 Cal.App.2d

7

19, 20; see *Pringle v. La Chapelle* (1999) 73 Cal.App.4th 1000, 1003; *Hodges v. Mark* (1996) 49 Cal.App.4th 651, 657.)

Under these principles, we find unavailing the Daughters' claim they did not have the opportunity at the hearing to present evidence and argument on the issue of Oliver's right to discharge Gonzalez and the status of the remaining personal property. Absent a record to the contrary, we must presume that the Daughters were given the opportunity to state their positions on these issues and that the court considered the objections, but found them to be without merit.

The Daughters now suggest that they were surprised by the court's decision to limit Oliver's authority to remove Gonzalez as the trustee of the Personal Property trust. However, the issue of their repeated abuses of that authority in the past so that they could avoid having to comply with the court's removal orders was adequately identified in Gonzalez's petition and the Attorney General's response, as well as the evidence before the court. The papers made clear that the Daughters' unfettered right to replace Gonzalez and the requirement that he remove the personal property from the La Jolla residence were in conflict. Given these circumstances, the parties were on notice that the court essentially had only two choices: (1) to extend the deadline for removal of the property (thereby rewarding the Daughters' disobedience of court orders) or (2) to reaffirm the deadline (which, as shown by the Daughters' prior conduct, would essentially require the court to limit Oliver's power to remove Gonzalez as trustee except with its approval). The fact the court chose the second option did not violate the Daughters' due process rights.

8

By contrast, we conclude that the Daughters' challenge to the superior court's finding that they had no ownership interest in the personal property is well-taken. Nothing in the papers submitted to the court requested it to make a finding as to ownership of the personal property, and Gonzalez offered no evidence or argument to support such a finding. Because the Daughters were not on notice that the court would make such a finding at the hearing, we modify the order by striking this finding.

DISPOSITION

The order is modified to strike the court's finding that the Daughters had no interest in the personal property and is affirmed as so modified. Respondent is awarded costs on appeal.

PRAGER, J.*

WE CONCUR:

McINTYRE, Acting P. J.

O'ROURKE, J.

---

*     Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.